GAGAN, Respondent, vs. THE CITY OF JANESVILLE, Appellant.. SAME, Appellant, vs. SAME, Respondent.

*April 11 — April 27, 1900.*

(1) *Appeal: Orders: Identification of papers.* (2) *Municipal corporations: Injury from defective sidewalk: Notice: Description of defect: Variance.*

1. Upon appeal from an order which contained no recitation of or reference to the records and papers used upon the application therefor, the clerk's return contained the order and, under the same cover, the application therefor and an affidavit; the application making reference to the entire record, the bill of exceptions, and the annexed affidavit. The clerk certified that "the annexed order . . . notice, and undertaking on appeal" were all the originals filed in his office. *Held,* not a sufficient identification of the papers relied upon on the hearing of the motion to warrant entertainment of the appeal.

2. The notice of an injury, given to a city under sec. 1339, Stats. 1898, and the complaint in an action therefor stated in substance that the plaintiff was thrown down and injured by reason of her foot going into a hole in the sidewalk, and specifically described the defect as consisting of a missing board or plank from the sidewalk, which caused a deep hole therein. On the trial she testified to the absence of the board and the resulting hole in the sidewalk, but her testimony further showed that her injury was caused by a loose and slanting board upon which she attempted to walk and which "jumped up" or "rocked," turning her foot and causing it to go into the hole. *Held,* that this failed to show a causal connection between the fall and the defect specified in the notice and complaint, and that a verdict for defendant should have been directed.

APPEALS from a judgment and an order of the circuit court for Walworth county: FRANK M. FISH, Circuit Judge. *Judgment reversed; appeal from order dismissed.*

An action for personal injury claimed to have been suffered by the plaintiff upon a defective sidewalk of the defendant city on May 15, 1895. The notice served on the city on August 13, 1895, and the complaint described the de-

fect as consisting of "a missing board or plank from the sidewalk or footway, which caused a deep hole and depression in said sidewalk, extending about seven feet easterly and westerly along the center of said sidewalk, and about ten inches wide," and alleges that the plaintiff was violently thrown down " by reason of her foot going into a hole in said sidewalk, and under the planks or boards forming part of the covering of said sidewalk, . . . which fall and injury were caused by the defects and insufficiencies in said sidewalk as hereinbefore set forth."

The only evidence of the accident was given by the plaintiff herself, and was as follows: "There were three boards (longitudinal) in the sidewalk where I was injured, and the middle board was out; and I walked in carefully by the fence, not thinking about anything; and the board inside was going up,— used to raise up,— and I slipped off of it, and fell down in the hole." Again: "The walk was all broke and full of nails and splinters near the point where I was injured. The boards were about seven or eight inches wide. Couldn't tell exactly. They were narrow boards. Where the middle board was gone out, the hole left was six or seven inches from the level of the boards, and there was a kind of slant on the inside and outside boards that you couldn't walk on." She further testified: "At the place where I fell on this walk the boards were lengthwise, and there were three narrow boards, and the middle one was out,— about six or seven feet of it. I attempted to pass on the board nearest the fence. I thought I would go careful,—just go the same as I always did; and then I stepped on the board. The board jumped up. It was kind of loose. My right foot slipped off. It went down in the hole that the board was out." And again: "As I came along the street that morning, I was walking careful as I could. I thought I would pass the same as I did many times before, and when I came to this board I stepped on the board, and

it kind of rocked, and turned my foot a little, and I fell out in this hole. I was thrown out against the other board. *Q.* Did your foot go into the hole where the board was missing? *A.* Yes, sir. The board kind of slanted and threw me out."

At the close of the plaintiff's testimony defendant moved for a nonsuit on the ground that the evidence established contributory negligence, which was denied, and after all the testimony was in defendant moved for the direction of a verdict in its favor, which motion was also denied, exceptions being duly reserved. The refusal of these motions are the only errors assigned, no motion for a new trial or to set aside the verdict having been passed on by the court. Verdict was rendered and judgment entered in favor of the plaintiff, from which the defendant appeals.

A motion was made by the plaintiff to strike out the bill of exceptions, and was denied. From this order the plaintiff appeals. The order of denial contains no recitation or reference to the records and papers used or read by either party upon the application. The clerk has returned the order, and, under the same cover with it, an application therefor by the plaintiff and an affidavit of plaintiff's attorney; the application making reference to the entire record, the bill of exceptions, and the annexed affidavit. The clerk's certificate is merely " that the annexed order denying motion to strike out bill of exceptions, notice, and undertaking on appeal are all the originals filed in my office." The defendant moved to dismiss the plaintiff's appeal.

*J. J. Cunningham,* for the plaintiff.

*F. C. Burpee,* city attorney, for the defendant.

DODGE, J. The plaintiff's appeal from the order refusing to strike out the bill of exceptions must be dismissed for want of proper certificate from which this court can be assured what records and papers were relied on by each party on the

hearing of said motion. *Carpenter v. Shepardson*, 43 Wis. 406; *Glover v. Wells & M. G. Co.* 93 Wis. 13; *Hoffman & B. Mfg. Co. v. Burdick*, 95 Wis. 342; *Tenney v. Madison*, 99 Wis. 539; *Superior C. L. Co. v. Superior*, 104 Wis. 463.

The defendant contends that a verdict should have been directed in its favor for several reasons. Careful reading of plaintiff's testimony, all of which relating to the subject is set forth in the statement of facts, convinces us that it wholly fails to show any causal connection between her fall and the defect specified in her notice and complaint, namely, the hole in the sidewalk, resulting from the missing board. She nowhere testifies that stepping into that space caused her to fall, but, noticeably, more than once narrates her accident without reference to the fact that her foot went into the hole at all. On the contrary, her testimony shows quite clearly that her injury was due to another and distinct defect,— to a loose and slanting board, which "jumped up," or "rocked, and turned my foot." For results of that defect plaintiff of course cannot recover. She neither mentioned nor hinted at it even by any general language in her notice to the city required by sec. 1339, Stats. 1898; and, even if that difficulty were overcome, she has offered no evidence either that it was known to the officers of the defendant or that it had existed at all before the time of her injury. Proof of a defect and of an injury which *might* have been caused thereby is not enough. The plaintiff must show by reasonably direct evidence that the defect, and not something else, caused the injury. *Hyer v. Janesville*, 101 Wis. 371, 377, where we said: "Where there is no direct evidence of how an accident occurred, and the circumstances are clearly as consistent with the theory that it may be ascribed to a cause not actionable as to a cause that is actionable, it is not within the proper province of a jury to guess where the truth lies and to make that the foundation for a verdict." We are constrained to the conclusion that

Gagan vs. The City of Janesville.

there was not evidence to carry the case to the jury upon the question above discussed, and that the circuit court therefore erred in denying defendant's motion for direction of verdict, for which reason the judgment must be reversed.

Upon the questions of contributory negligence and of the time of the accident, also argued, we think the evidence was sufficient to justify their submission, but consider discussion of such evidence unnecessary in view of possible changes upon the new trial which must be ordered.

*By the Court.*— Plaintiff's appeal dismissed. On defendant's appeal, judgment reversed and cause remanded for a new trial.