[No. 5762.]

THE CITY AND COUNTY OF DENVER v. BACON.

1. Cities and Towns—Defective Sidewalk—Injury to Pedestrian —Notice—Sufficiency.

The charter of a city requiring one claiming damages for injury on a sidewalk to fully state in the notice to the city how the injury occurred, is sufficiently complied with by a notice stating that the cause of the injury was "because of the torn up and impassable condition of the sidewalk, and without any lights or warning of impending danger."—P. 168.

2. Cities and Towns—Damages—Defective Sidewalk—Questions of Fact.

The question of whether an alleged defect in a sidewalk is such a defect as to render the city liable for an injury to a pedestrian walking there, is one of fact for the jury.—P. 169.

3.  **Practice in Civil Actions—Instructions—Repetition—Refusal.**
    Where the court in other instructions of its own motion correctly and fully states the law, it is not error to refuse a tendered instruction on the same subject.—P. 169.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Action by Mary R. Bacon against the city and county of Denver. From a judgment for plaintiff, defendant appeals.                    *Affirmed.*

Mr. HENRY A. LINDSLEY, Mr. CHARLES R. BROCK, and Mr. F. W. SANBORN, for appellant.

Messrs. WELLS & CHILES, Mr. ROBERT A. LONG, and Mr. R. T. McNEAL, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Mrs. Bacon, appellee here, recovered a judgment against the city and county of Denver, appellant, as compensation for personal injuries which she sustained as the result of a fall while she was walking along one of defendant's sidewalks in the city of Denver.

1.  By section 9 of article 9 of the charter of the city then in force, one who claims damages for injury received upon a street or sidewalk is required, within thirty days after receiving such injuries, to give the mayor or city council notice in writing thereof, stating fully in the notice, among other things, how the injury occurred. The plaintiff within the time gave a notice, but defendant says it was insufficient in that it did not state how the injury occurred. This is the only defect pointed out. The cause of the injury was thus stated: "Because of the torn up and impassable condition of the sidewalk, and without any

lights or warning of impending danger." The defendant says that this is nothing more than a bare statement of a conclusion and a general ground upon which a municipality is liable for injuries upon its streets. The objection is not tenable. The notice gives as the cause of the injury the negligence of defendant in permitting one of its sidewalks to be torn up and rendered impassable without indicating, by lights or some warning, the impending danger due to this defective condition. The notice is clearly sufficient under the previous rulings of our court of appeals in three cases.—*Denver v. Barron*, 5 Col. App. 72; *Stoors v. City of Denver*, 19 Col. App. 159; *City of Denver v. Bradbury*, 19 Colo. 441.

The object of this statute requiring notice, as stated by our court of appeals, is to advise the officials of the city of the fact of the injury and of the claim made by the person injured, in order that the city may investigate and determine for itself, before suit brought, the justness of the claim and the circumstances attending the accident while they are fresh. From this notice the city was not misled and might easily determine how the accident happened.

2. Another objection is that there was a fatal variance between the allegations of the complaint and the proof as to the cause of injury. The complaint alleges an excavation, depression and inequality in the sidewalk into which plaintiff stepped and was thereby made to fall forward into and upon stones placed near to the excavation. Defendant says that the evidence shows plaintiff fell, not as the result of stepping into the excavation, but by stepping upon a small piece of wood or some material lying in the way, which, by moving, or turning her foot, threw her to the ground; which, defendant says, is a distinct and different cause of action from that set up in the complaint. In the cross-examination

of plaintiff, defendant's counsel tried to get her to say that what caused her to fall was stepping upon a stone or a piece of wood which moved under pressure. It is clear, however, from plaintiff's entire testimony, that the torn-up condition of the sidewalk, of which plaintiff had no knowledge, caused her to step down several inches from the level upon which immediately theretofore she had been walking in the night time, and that stepping into this depression or excavation from the former level was what caused her injury.

3. The further objection that the alleged defect in the sidewalk was not such a defect in law as to render the city liable for an injury to a pedestrian walking along the same, was a question of fact which was fairly submitted to the jury, which found against defendant on evidence legally sufficient to sustain the finding.

4. Another objection is that the court erred in refusing to give to the jury an instruction tendered by defendant upon the law of contributory negligence. There was no error in this. The court in other instructions, of its own motion, correctly and fully stated the law upon this subject. There is no merit in any of defendant's assignments.

The judgment was right and it should be affirmed.                                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.