[No. 5969.]

## THE CITY OF PUEBLO v. BABBITT.

1. **Municipal Corporations—Defective Street—Notice of In-jury**—Inaccuracy in the notice required by sec. 6661, Rev. Stats., not intended to mislead, and which did not in fact mislead, will not deprive the injured party of his action. The plaintiff may supplement the notice by oral evidence that an inaccuracy there-in as to the place of the injury was promptly called to the attention of the city attorney, and that the city attorney and the city engineer examined the street at the place where the accident in fact occurred.—(597)

2. ———**Question for Jury**—Whether the notice was intended to or did in fact mislead, is for the jury.—(598)

*Appeal from Pueblo District Court*—Hon. JOHN H. VOORHEES, Judge.

Mr. D. A. HIGHBERGER, Mr. JOHN A. MARTIN, and Mr. W. O. PETERSON, for appellant.

Mr. JAMES H. TELLER, and Mr. J. H. McCORKLE, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The written notice served upon the city clerk, states that the injury occurred "about the middle of the block, on the east side of Grand avenue, and be-tween 13th and 14th streets," whereas the injury occurred on the east side of Grand avenue between 12th and 13th streets.

Upon the trial the plaintiff was permitted to show that within a short time after the service of notice, counsel for the plaintiff advised the city at-torney of its inaccuracy, and that the city attorney and the city engineer both examined the defective sidewalk on the east side of Grand avenue between 12th and 13th streets, the place where the plaintiff was injured. The court instructed the jury that the

inaccuracy in the notice was not sufficient to invalidate it, and that the notice was under the law and the evidence sufficient.

The jury found the issues joined in favor of the plaintiff and awarded her damages in the sum of $1,000.00.

From the judgment in favor of the plaintiff the defendant appealed.

The only question presented by the appeal is the sufficiency of the notice. Sec. 6661, Rev. Stats. 1908, provides:

"Sec. 149. No action * * * against any city * * * on account of its negligence, shall be maintained unless written notice * * * is given * * *. But the notice given under the provisions of this act shall not be deemed invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of injury; Provided, It is shown that there was no intention to mislead, and that the city council or board of trustees was, in fact, not misled thereby."

The contention of the city attorney is, that as the notice served did not correctly state the place of the injury, oral evidence was not admissible to explain or alter the notice, and that if the notice required any amendment, that such amendment must be served as provided by law.

The purpose of the statute in requiring notice to be given is to enable the city officials to make a proper investigation of the nature and cause of the injury, and to prepare to defend an action, if brought.

The statute does not excuse inaccuracy in stating the time, place or cause of the injury, if the intention in giving an inaccurate statement was to mislead, nor if the inaccuracy does in fact mislead the city council; but if the inaccuracy was made through an honest mistake or inadvertence, and the city council

was not in fact misled thereby, then the statute does excuse the inaccurate statement. Whether the notice was or was not prepared so as to mislead, and whether the city authorities were or were not in fact misled, are questions for the determination of the jury (*Miller v. Camp Bird, Limited,* 105 Pac. 1105), and it was entirely competent for the plaintiff to supplement the notice by oral proof.

It is not claimed that the notice was designed to mislead, nor that the city council was in fact misled, and the court properly instructed the jury that the notice, under the evidence and the law, was sufficient.

The judgment is, therefore, affirmed.

*Affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.