[No. 6212.]

CITY AND COUNTY OF DENVER v. PERKINS.

1. **Municipal Corporations—Defect in Street—Notice of Injury**—One of the reasons for requiring that one asserting a claim against a municipality, for an injury attributable to a defect in its ways shall give a notice of the time, place and circumstances

of the injury, is, that the authorities may be advised as to the place where such injury is alleged to have occurred, may make proper inquiry as to the conditions existing there, and prepare to defend the action, if one is brought.—(161)

Where the notice stated that the place of the injury was upon a certain avenue, and between two other streets named, at the intersection of the alley, and where a curbing was being put in, and the evidence disclosed that curbing was being set upon only one side of the street, the notice was held sufficient.—(161)

2. Evidence—Hearsay—Action against a city for an injury attributed to a defect in the public street. The plaintiff, in her notice of the injury, required by statute, stated that she "had been told by credible witnesses that other persons were injured at the same place * * * previous to her injury, and that the same was reported to the city authorities before she received the injuries complained of." Held, that the words quoted being purely hearsay, it was prejudicial error to permit them to be read.—(162, 163)

3. ——Objections to Testimony—An objection that a writing offered is immaterial, irrelevant and incompetent, is sufficient, where the writing is merely hearsay.—(163)

*Appeal from Denver District Court*—Hon. Samuel L. Carpenter, Judge.

Mr. H. A. Lindsley, Mr. F. W. Sanborn and Mr. G. Q. Richmond for appellant.

Mr. Thomas B. Stuart, Mr. Charles A. Murray and Mr. Robert M. Work for appellee.

Mr. Justice Hill delivered the opinion of the court:

Appellee, as plaintiff, brought this action to recover damages for personal injuries sustained through the alleged negligence of the appellant. It is claimed this negligence consisted in permitting an excavation to be and remain in one of the streets of the city for the purpose of laying curbing, etc. A trial resulted in a verdict and judgment for plaintiff, from which defendant appeals.

The sufficiency of the notice required by the charter of the city is the first question presented. The

contention is, that it did not correctly state the place where the injury occurred, and for this reason should not have been received in evidence. We cannot agree with this contention. The notice, considered in connection with the character of the defect causing the injury, in substance, fixed the place at the City and County of Denver, on 20th avenue, between Ogden and Downing avenues, where the sidewalk intersects the alley and where a curbing was then being put in. The only thing left indefinite is upon which side of the street the accident occurred.

One of the substantial reasons for requiring the notice is that the city may be properly advised as to where the injury occurred in order to make a proper investigation of the nature and cause of the injury, and to prepare to defend an action, if brought.— *Stoors v. City of Denver,* 19 Col. App. 159; *Miller v. Camp Bird, Limited,* 46 Colo. 569; *City of Pueblo v. Babbitt,* 47 Colo. 596.

While it is true the statutes of Colorado are more liberal on the question than the charter provisions of the City of Denver, yet the reasons for the notice are substantially the same.

Counsel for the city contend the true rule to be, that the representatives of the city must be able, from the description of the place in the notice itself, together with the character of the defect causing the injury, to locate the place of the accident by exercising reasonable diligence and judgment. Accepting this rule as the test for the purposes of this case, we think the notice sufficient. The very fact that it does not state upon which side of the street the injury occurred would, of itself, in the exercise of reasonable diligence, require that the party investigating make an examination upon each side of the street at that point, and thereby ascertain the exact location; the evidence discloses that the excavation for the curbing at and around in the alley was then being made

upon the north side of the one where the accident occurred.

This conclusion makes unnecessary any ruling as to whether the city did or can waive its right to a sufficient notice, or whether it can be shown by other evidence that it did, by investigation upon the ground, ascertain the exact location, or whether it is competent to show that it was fully advised by the plaintiff · soon after the accident, the exact point where it occurred.

The second error urged pertains to the admission in evidence of the last paragraph of the notice. The portion complained of followed the statements of the time, place, kind and extent of the injuries received, and read:

"She further states that she has been told by credible witnesses that other persons were injured at the same place in the same excavation, a night or two previous to her injury, and that the same was reported to the city authorities before she received the injuries complained of."

This last paragraph was specially objected to by the city; the objection was overruled, and the entire instrument admitted; in this we think the trial court erred. This purported evidence, purely hearsay, was given to the jury and we cannot say was not considered by them in reaching their verdict, and, if considered, the case of the defendant may have been substantially prejudiced thereby, for the reason that the plaintiff was permitted to place before the jury as evidence, the purported unsworn statements of others, who did not testify at the trial. The effect of such testimony was to establish the fact that other persons had been injured at the same place, and that as a necessary result, the place must have been dangerous. Such testimony might also tend to establish the fact, in the minds of the jurors, that the city authorities had theretofore been notified of the char-

acter of the place, and therefore had received actual notice of its dangerous condition, which they had not yet repaired; all of which would have to be upon the statements in the notice as to what she had been told by others. The most of such testimony, had the telling party been placed upon the stand, would not have been competent or relevant.—Elliott on Evidence, vol. 1, sec. 314; Elliott on Evidence, vol. 3, sec. 2506; *Trumble v. Happy,* 87 N. W. (Ia.) 678.

In the case of *Diamond Rubber Co. v. Harryman,* 41 Colo. 415, this court held, in substance, that evidence of collateral facts which are incapable of aiding in the determination of the main fact in dispute should be excluded, because such evidence tends to draw the minds of the jurors from the main fact in issue and to excite, prejudice, mislead and confuse them. In that case it was held that 'it was improper in an action for personal injuries caused by tripping on a projecting iron pipe to admit evidence that other persons had tripped on the same pipe, in order to show negligence on the part of the defendant; but the question here does not reach that stage. The objection was to admitting that portion of the notice in which the appellee states that she had been told by others that similar accidents had occurred at this same place, and of which the city had been advised. This was clearly hearsay, even if the facts stated were competent for any purpose, upon which no opinion is intended to be given. We cannot agree with counsel that the objection of the city was not specific enough. After objecting to the entire instrument and giving reasons therefor, counsel said:

"Further than that we object to the last paragraph in the notice, being used in any event or read to the jury on the ground that it is immaterial, irrelevant and incompetent."

This referred to the paragraph above quoted. It was the last, and the statements therein, being

purely hearsay, did not belong in the notice, and should not have been read to the jury.

The judgment is reversed and the cause remanded for a new trial in harmony with the views herein expressed.                    *Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.

Decided February 6, 1911; rehearing denied April 3, 1911.

Mr. JUSTICE GABBERT, dissenting:

I concur in the reversal, but, without expressing any opinion on the sufficiency of the notice, for the reason that the alleged defects in the notice, in failing to describe with sufficient accuracy the place of injury, were waived.