No. 9919.

THE CITY OF CRIPPLE CREEK *v.* LOVELESS.

Decided December 5, 1921.

Action for personal injuries. Judgment for plaintiff.

*Affirmed.*

1.  MUNICIPAL CORPORATIONS—*Defective Sidewalk—Notice.* Under section 6661, R. S. 1908, requiring notice to. a town or city of the place of occurrence of an injury attributed to its negligence, a notice which locates the place of injury "on the north side of East Carr Avenue, between First and Second streets in your city," held sufficiently specific.

2.  VARIANCE—*Pleading and Proof.* In an action against a city for personal injuries. occasioned by a defective sidewalk, proof of the place of accident corresponded exactly with the alleged location except as to a mentioned house number. Held that this variance was immaterial.

*Error to the District Court of Teller County, Hon. John W. Sheafor, Judge.*

Mr. GEORGE A. CROWDER, for plaintiff in error.

Messrs. ALTER & UPTON, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for personal injuries.

The complaint alleges, in substance, that the defendant, a municipal corporation, maintained a sidewalk along the northerly side of a certain avenue; that the sidewalk was in a dangerous and unsafe condition, and that by reason thereof the plaintiff was injured while passing along the same. A trial to a jury resulted in a verdict for plaintiff. A judgment was entered accordingly. The defendant has sued out this writ of error.

The plaintiff in error, defendant below, contends that plaintiff's notice was insufficient and defective. The notice in question is that which is required by section 6661 R. S. 1908 which reads, in part, as follows:

"No action for the recovery of compensation for personal injury or death against any city * * * or any town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city, or recorder of the town. * * *"

The objection to plaintiff's notice relates only to its description of the *place* of the injury. In this respect the notice reads as follows: "On the north side of East Carr Avenue, between First and Second Streets in your city." It is not shown that this description is inaccurate, but the objection is that it does not point out more specifically the place of the injury. It covers a space of one city block. In *City of Lincoln v. O'Brien,* 56 Nebr. 761, 77 N. W. 76, a notice was held sufficient, although a space of two city blocks was described. Under the circumstances existing in the instant case, we deem the notice in question sufficient. 28 Cyc. 1456. *City of Pueblo v. Babbitt,* 47 Colo. 596, 108 Pac. 175.

It is claimed that there was a fatal variance between pleading and proof as to the place of the accident. The allegation is: "On the northerly side of said East Carr Avenue, between First and Second Streets, and at or near 127 East Carr Avenue." The proof corresponds with this allegation exactly, except as to the house number. The variance was immaterial. 28 Cyc. 1475; 31 Cyc. 707.

There was substantial correspondence of proof to allegation.

Other contentions relate to the sufficiency of the evidence to support the verdict. There is no error in the record in this connection, nor as to any other matter.

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.