GERTRUDE K. DOOLING *vs.* CITY OF MALDEN.

Middlesex.    February 28, 1927. — March 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Way,* Public: defect, notice. *Snow and Ice.*

In an action by a woman against a city, the plaintiff sought recovery for personal injuries sustained when she slipped upon a thin coating of ice covering a stone, which extended into the sidewalk from two to three feet and to a height of two or three inches. At the trial she offered evidence that, within ten days after the accident, a notice in writing was sent in her behalf to the mayor of the city setting out as a cause of the accident "falling on an icy sidewalk on" the street in question. The city solicitor replied by letter, calling attention to the fact that by statutory provisions "cities are not now liable for injuries received by reason of slippery sidewalks." Thirty days after the accident, a notice stating the stone as the defect with snow and ice as a contributing cause was served on the defendant. A police officer testified for the defendant that on the day after the accident he examined the sidewalk and found it covered with snow and ice and very slippery; that no stone could be seen; and that it was all covered with snow and ice. The judge ordered a verdict for the defendant. *Held,* that

(1) If it be assumed that the letter of the city solicitor was the equivalent of a notice by the defendant that the notice of the plaintiff theretofore given was insufficient, no better notice was given by the plaintiff within the time permitted by G. L. c. 84, § 20;

(2) If it be assumed that the first notice given by the plaintiff was sufficient to give rise to a cause of action in her behalf, then the burden was upon her to show that the defendant was not in fact misled by the wrong statement of cause given in her notice, and the evidence did not warrant a finding that that burden was sustained.

(3) The verdict properly was ordered for lack of a proper notice.

TORT.    Writ dated February 4, 1922.

In the declaration the plaintiff alleged that on January 9,

1921, "she was a traveler on a certain public highway in the city of Malden; that while then and there a traveler as aforesaid and owing to the negligence of the defendant, its agents or servants, she was seriously injured; that due notice of the time, place and cause of the injury was given by the plaintiff to the defendant."

In the Superior Court, the action was tried before *Lawton, J.* Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination.

The case was submitted on briefs.

*F. Juggins & M. Morrill,* for the plaintiff.

*M. L. Brown,* for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff by reason of a defect in the highway. G. L. c. 84, § 18. There was testimony tending to show that the plaintiff on the day in question was injured on a sidewalk in the defendant city because of slipping on a thin coating of ice covering a stone, which extended into the sidewalk from two to three feet and to a height of two or three inches.

Within ten days after the injury, notice in writing was given to the mayor of the defendant by a brother-in-law of the plaintiff setting out as the cause of the accident "falling on an icy sidewalk on Belmont Street," and making no reference to the stone. A reply to that letter was sent two days later by the city solicitor of the defendant, in which it was said: "Under the provisions of the statute cities are not now liable for injuries received by reason of slippery sidewalks. At one time a different rule prevailed but for fifteen or twenty years this statute has been in force." Thirty days after the accident, notice stating the stone as the defect with snow and ice as a contributing cause was served on the defendant. A police officer of the defendant testified that on the day after the accident he examined the sidewalk and found it covered with snow and ice and very slippery; that no stone could be seen; and that it was all covered with snow and ice.

The giving of an adequate notice is a condition precedent to the plaintiff's right of recovery. *Townsend* v. *Boston*, 232 Mass. 451. *Miller* v. *Rosenthal, ante,* 368. The first notice of the plaintiff utterly failed to mention the only cause of the accident on which recovery could be had, namely, a projecting stone, and did mention as the sole cause slippery ice for which, if it were the only cause of the injury, there could be no recovery. G. L. c. 84, § 17.

It is manifest from the letter of the city solicitor that he construed the notice as pointing out ice as the sole cause of the injury and that, therefore, there could be no recovery. Both in his construction of the notice and in his conclusion from it he was right. If it be assumed that this letter of the city solicitor was the equivalent of a notice by the defendant that the notice of the plaintiff theretofore given was insufficient, no better notice was given by the plaintiff within the time permitted by G. L. c. 84, § 20. If it be assumed that the first notice given by the plaintiff was sufficient to give rise to a cause of action in her behalf, notwithstanding its defects, (See *Gardner* v. *Weymouth*, 155 Mass. 595) then the burden was upon her to show that the defendant was not in fact misled by the wrong statement of cause given in her notice. She did not sustain that burden of proof. The letter of the city solicitor and the testimony of the police officer show that the defendant had no information whatever touching the stone as the cause of the injury within the time required by law. If this testimony were believed, it showed that the defendant was misled. If it were disbelieved, there was no evidence to sustain the burden of proof resting on the plaintiff to show that the defendant was not misled. In either event she is not entitled to recover. The ruling directing a verdict for the defendant was right. The case at bar on this point is the converse of *Naze* v. *Hudson*, 250 Mass. 368. Other defences urged need not be considered.

*Verdict to stand.*