HARRINGTON v. CITY OF BATTLE CREEK.

1. MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALKS — NOTICE OF CLAIM.

Notice of claim against city for injury arising from defective sidewalk which merely stated that defect was 20 inches long, 2 inches deep, and about 25 inches wide failed to state a defect in the sidewalk for which the city would be liable.

2. SAME—DEFECTIVE SIDEWALKS—NOTICE OF CLAIM—PLEADING.

Variance between notice of claim against city in which defect in sidewalk was stated as being 20 inches long, 2 inches deep, and about 25 inches wide and amended declaration in which it was alleged plaintiff's toe was trapped by a projection over the opening which caused her to fall, was of substance, and defect upon which liability was sought not having been in notice of claim given city, recovery from it is barred, as notice is a condition precedent to recovery.

3. SAME—DEFECTIVE SIDEWALKS—PURPOSE OF NOTICE OF CLAIM.

Purpose of notice of claim to city for injuries caused by defective sidewalks is not alone to afford opportunity for investigation but as well to confine plaintiff substantially to the character of the defect alleged in the notice and claimed to have caused injury and consequent liability of the city.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 19, 1939. (Docket No. 114, Calendar No. 40,330.) Decided March 9, 1939.

Case by Grace Harrington against City of Battle Creek, a municipal corporation, for damages for personal injuries sustained when falling upon a public sidewalk. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Defendant cross-appeals. Affirmed.

*Ronald M. Ryan* and *James R. Golden,* for plaintiff.

*Walter P. North,* for defendant.

WIEST, J.    This suit was brought by plaintiff, a married woman, to recover damages on account of injuries she claims to have received the evening of December 17, 1936, while walking on the cement sidewalk along State street in the city of Battle Creek, when her left foot stepped into a shallow hole in the walk and her toe caught beneath the protruding edge and caused her to fall upon an iron grating.

Trial was had by jury, with verdict for plaintiff.

At the close of plaintiff's proofs, defendant moved for a directed verdict.    This was denied, as was a like motion at the close of all the proofs.    However, under reserved power, 3 Comp. Laws 1929, § 14531, (Stat. Ann. § 27.1461), the court, after verdict, entered judgment for defendant.

Plaintiff reviews by appeal and defendant by cross-appeal.

The charter of the city provided, in chapter 39:

"In case any claim for damages shall be made against said city * * * for any injury to person * * * by reason of any defect in any sidewalk, * * * the claimant shall present the same in writing to the commission within 60 days after such injury * * * which claims shall state the time, the place where, the injury * * * occurred, the name of all witnesses then known to claimant, a full description of the injury sustained, and a concise statement of the facts constituting such claimant's demands against said city. * * *

"If said claim shall arise from or is claimed to have been received by reason of any defect in any sidewalk, * * * the claimant who alleges such in-

jury shall give also notice to the commission by a written statement, filed with the city clerk, within 60 days of the time of such injury, specifying the location upon the street, * * * where the same is alleged to have been received, and the character and description of the alleged defect claimed to have existed, and the general results of such injury, said preliminary notice of 60 days not to take the place of the specific notice hereinbefore required to be filed within 60 days."

Within the time limited in the charter the plaintiff filed a claim with the city commission in which she gave the time and place of the injury and stated:

"The defect in the sidewalk that was the proximate cause of the injury that this claimant received is located about 16 feet west of the northeast corner of the building occupied by the E. H. Clark Company, on State street, in the city of Battle Creek, Michigan. The said defect is located approximately in the center of said sidewalk. * * *

"Claimant's left knee and leg was injured, causing large subcutaneous clots to be formed under the knee, when she was tripped and thrown as a result of the defect above described. * * *

"That on the date above indicated, claimant was walking on State street, in the city of Battle Creek, Michigan, in company with other persons. It was near midnight. Claimant unknowingly stepped on the edge of the defect described herein, and was tripped and thrown upon an iron grating near the building occupied by the E. H. Clark Company, on State street, in the city of Battle Creek, Michigan."

She gave the character and description of the defect as follows:

"The defect is 20 inches long, lying in the middle of said sidewalk, and is 2 inches deep, on an average. From the center of the sidewalk the defect extends

in a southerly direction to the building occupied by E. H. Clark Company, for a distance of about 25 inches more or less.''

The circuit judge held the notice by plaintiff to the city of the claimed defect in the sidewalk did not set forth the defect upon which liability was predicated at the trial.

The notice did not state a defect in the sidewalk for which the city would be liable. *Jackson* v. *City of Lansing,* 121 Mich. 279, and cases therein cited.

The declaration first filed alleged the accident and the defect in the sidewalk, as stated in the claim against the city but, on motion of defendant to dismiss for not stating a cause of action, the declaration was amended by alleging that plaintiff's toe caught under the edge of the walk projecting over the opening and that such trap of her foot caused her to fall.

Had the notice of claim stated the nature of the defect and cause of injury, as set forth in the amended declaration, there might be liability. *Cornell* v. *City of Ypsilanti,* 212 Mich. 540. The variance between the notice of claim and the amended declaration was of substance, and as the initial step by plaintiff to fasten liability failed, all subsequent action based thereon lacked the necessary starting point. The city was entitled to notice of the claimed defect upon which liability was sought at the trial.

The notice is a condition precedent to right of recovery. *Moulthrop* v. *City of Detroit,* 218 Mich. 464; *Gable* v. *City of Detroit,* 226 Mich. 261.

The variance between the defect alleged in the notice and the defect claimed at the trial to have caused the injury was fatal to right of recovery. See *Lane* v. *Cray,* 50 R. I. 486 (149 Atl. 593, 68 A. L. R. 1530); *Olcott* v. *City of St. Paul,* 91 Minn. 207 (97 N. W.

879) ; *Gagan* v. *City of Janesville,* 106 Wis. 662 (82 N. W. 558) ; *Dooling* v. *City of Malden,* 258 Mass. 570 (155 N. E. 636).

The claim filed with the city by plaintiff stated no liability on the part of the city. The purpose of the notice to the city is not alone to afford opportunity for investigation but as well to confine plaintiff substantially to the character of the defect alleged in the notice and claimed to have caused injury and consequent liability of the city.

The court was right in entering the judgment, and we find it unnecessary to consider other errors alleged by the plaintiff and by defendant on its crossappeal.

Judgment is affirmed, with costs to defendant.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. North, J., did not sit.