CATHERINE PECORELLI *vs.* CITY OF WORCESTER.

Worcester.    September 24, 1940. — November 26, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Way,* Public: defect.  *Notice.*

A notice, purporting to have been given to a city under § 18 of G. L. (Ter. Ed.) c. 84, in the form appearing in St. 1933, c. 114, § 1, and stating as the cause of an injury only "an unnatural accumulation of snow and ice," did not set forth any actionable defect and therefore maintenance of an action against the city for such injury was precluded; there was no "omission" requiring a counternotice under § 20 in the form appearing in § 3 of said c. 114, nor any "inaccuracy" within the provisions of said § 18.

TORT.    Writ in the Superior Court dated November 22, 1934.

A verdict for the defendant was ordered by *Dillon,* J.

*H. Zarrow,* (*C. J. Toscano* with him,) for the plaintiff.

*W. D. Allen,* City Solicitor, for the defendant.

Cox, J.   This is an action of tort to recover for personal injuries alleged to have been sustained by the plaintiff on or about February 1, 1934, when she fell on a public way where there was an accumulation of snow and ice.   We assume, without deciding, that it could have been found that a defect existed at the place where she fell and that it was the cause, in part, of her injuries, and that an alleged notice of the time, place and cause of the injury was given seasonably.   It is agreed that the defendant did not send any notice to the plaintiff that her alleged notice was defective.   See G. L. (Ter. Ed.) c. 84, § 20, in the form appearing in St. 1933, c. 114, § 3.   See now St. 1939, c. 147.   The trial judge directed a verdict for the defendant on the ground that the plaintiff's notice was defective.   The only question in the case relates to the sufficiency of the notice in stating the cause of the injury.

The plaintiff, as a prerequisite to her right to recover, was required by § 18 of said c. 84 in the form appearing in St. 1933, c. 114, § 1, to give a seasonable notice to the defendant of the cause of her injury, but "Such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the . . . cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby."   Said § 20, so far as material, provides, in substance, that a defendant shall not avail himself in defence of any omission to state in such notice the cause of the injury, unless, within five days after receipt of the notice seasonably given, a counternotice is given that the notice is insufficient, together with a request that forthwith a written notice be given in compliance with law.   The only statement in the notice in question as to the cause of the injury was that it "was an unnatural accumulation of snow and ice at the place where the injury was sustained . . . ."

Where, as here, the cause is definitely stated, there is no room for a contention that it means anything more than it

says. There was no statement of any actionable defect in the sidewalk. See *Lyon v. Cambridge*, 136 Mass. 419. At best, the notice states a cause for which the defendant is not liable. G. L. (Ter. Ed.) c. 84, § 17. *Newton* v. *Worcester*, 174 Mass. 181. *Hitchcock* v. *Boston*, 201 Mass. 299. *Dooling* v. *Malden*, 258 Mass. 570. See *Pelletier* v. *Beverly*, 292 Mass. 468. There was no omission in the notice to state the cause of the injury upon which the plaintiff purported to rely. There was no omission "patent on the face of the document." *Tobin* v. *Brimfield*, 182 Mass. 117, 119. See *Brown* v. *Winthrop*, 275 Mass. 43, 46, and cases cited; *Merrill* v. *Springfield*, 284 Mass. 260; *Cameron* v. *Somerville*, 285 Mass. 307, 309, 310. Compare *Burke* v. *Lynn*, 219 Mass. 302.

The notice, on its face, discloses no inaccuracy in stating the cause of the injury. But if it be assumed that the notice was sufficient to give rise to a cause of action, notwithstanding its defects (see *Gardner* v. *Weymouth*, 155 Mass. 595, *Dooling* v. *Malden*, 258 Mass. 570, 572, *Crowell* v. *Malden*, 273 Mass. 456, 459, 460), then the burden was upon the plaintiff to show that the defendant was not in fact misled by the statement of cause given in her notice. There is nothing in the record to show that it was not. There was evidence that it was misled, and if this evidence, which is set out in the bill of exceptions, were disbelieved, there was no evidence to sustain the burden of proof resting on the plaintiff. .

*Exceptions overruled.*