No. 14,949.

NELSON *v.* CITY AND COUNTY OF DENVER.
(122 P. [2d] 252)

Decided February 2, 1942.

114

Mr. Stevens Park Kinney, for plaintiff in error.

Mr. Malcolm Lindsey, Mr. Robert J. Kirschwing, for defendant in error.

*En Banc.*

Mr. Chief Justice Young delivered the opinion of the court.

THE parties appear here in the same relative positions as in the district court, and for convenience are designated as plaintiff and defendant, or Nelson and city.

Plaintiff instituted an action against the city to recover damages for personal injuries alleged to have been sustained by reason of a fall on a sidewalk which it is alleged the city negligently permitted to remain in a defective and dangerous condition. When the case was called for trial, defendant moved for judgment on the pleadings. The court sustained the motion and entered judgment dismissing the complaint and awarding costs to the city. Plaintiff assigns error on the ruling and judgment and seeks a reversal.

Section 158 of the charter of the City and County of Denver, as set forth and contained in the 1927 compilation of the Municipal Code, the same being Section 342 of the charter of March 29, 1904, provides as follows:

"158. Personal injuries — Damages — Notice within sixty days.

"(Section 342) Before the city and county shall be liable for damages to any person injured upon any of the streets, avenues, alleys, sidewalks or other public places of the city and county, the person so injured or someone in his behalf, shall, within sixty days after receiving such injuries, give the mayor notice, in writing of such injuries, stating fully in such notice, when, where and how the injuries occurred and the extent thereof."

In compliance with the requirement contained in this section, plaintiff served a notice on the mayor of Denver, the part thereof pertinent to a determination of the issues here raised being as follows: "That while walking upon the sidewalks of the City and County of Denver, State of Colorado, and more specifically the sidewalks directly in front of and upon the premises known as 761 and 763 Lafayette Street of said city and county, Ida Nelson, who resides at 745 Lafayette Street, Denver, Colorado, caught her toe on the edge of a cement slab

of said sidewalk, which slab was raised approximately two inches above the level of the adjoining cement slab by the roots of trees; that said Ida Nelson was precipitated to the sidewalk as a result of so encountering said obstruction and as a result thereof suffered the following injuries, * * *"

■ As to the purpose of such notice, the parties seem to be in agreement. The city, in its brief, correctly states it in these words: "The object of the Charter provision requiring notice of personal injury is to require plaintiff to advise the City, through its executive officers, in what its alleged negligence consists, and afford it an opportunity at an early date to investigate the nature and cause of the injury, while the conditions remain substantially the same." Cases cited by plaintiff also support this proposition: *City and County of Denver v. Bacon*, 44 Colo. 166, 96 Pac. 974; *City of Pueblo v. Babbitt*, 47 Colo. 596, 108 Pac. 175; *City and County of Denver v. Perkins*, 50 Colo. 159, 114 Pac. 484; *City of Cripple Creek v. Loveless*, 70 Colo. 482, 202 Pac. 705. See, also, *Krooner v. City of Waterbury*, 105 Conn. 476, 136 Atl. 93.

■ In the complaint filed subsequent to the giving of notice, plaintiff alleged: "That the edge of the concrete block of said sidewalk over which the plaintiff tripped was raised approximately three (3) inches above the level of the adjoining cement slab. The plaintiff had no knowledge of such raised slab or defect in the sidewalk at this place prior to this accident; that said raised slab constituted a dangerous peril to pedestrians walking over said sidewalk at night."

The variance in the allegations in the notice that the cement slab of sidewalk "was raised approximately two inches above the level of the adjoining concrete slab by the roots of trees," and the allegation that it "was raised approximately three inches above the adjoining cement slab," apparently furnished the basis of the court's sustaining the motion to dismiss and the judgment entered thereon. It is the only reason urged by the city in its

brief as supporting such ruling and judgment.

So to adjudge, it was necessary for the court to make several assumptions, among which are: (1) That an obstruction up to two inches in height can furnish no ground for recovery; and (2) that the words "approximately two inches" used to describe the extent of the obstruction mean, as a matter of law, approaching, but not exceeding two inches.

Since the allegation in the complaint is that the obstruction was greater in extent than alleged in the notice, it unquestionably is sufficient to permit evidence of its extent up to the limit of proof that might have been made had the allegation of the complaint on this point been identical with the allegation on the same point in the notice. The matter then resolves itself to this: If both notice and complaint had described the extent of the obstruction by the words "approximately two inches" and the complaint still would be demurrable for want of statement of facts to constitute a cause of action under the law, then the court's action was right, otherwise it was wrong. Whether on the trial evidence of the obstruction being higher than approximately two inches would be admissible, under the present state of the pleadings we need not, and do not determine, for conceivably other factors, not now before us, as for example, whether the city was in fact misled, might enter into a proper resolution of that issue, should it hereafter arise.

In the case of *Denver v. Burrows,* 76 Colo. 17, 227 Pac. 840, we held that an upraised cement block one and three-eighths inches at the point where plaintiff struck her toe against it, was, as a matter of law, not a sufficient obstruction to render the sidewalk not reasonably safe for travel. True, in that case we said: "An inequality of two inches or less has been held, as a matter of law, not to render it not reasonably safe for public travel. *Northrup v. Pontiac,* 159 Mich. 250, 123 N.W. 1107. See also *Beltz v. City of Yonkers,* 148 N.Y. 67, 42 N.E. 401,

cited in *Pueblo v. Smith,* supra." We did not *hold,* and if we had, the holding would have been dictum, that we would follow such cases further than as to an inequality of one and three-eighths inches. Furthermore, in that case we were speaking in the light of the evidence as to all the facts and circumstances of the case, for the cause had been tried, and presumably the evidence was in the record before us. The general and, as we think, the controlling, principle in such cases is set forth in our opinion in the case as follows: "Mere irregularity and inequality of the surface of a way does not of itself make a city liable for damages sustained at such a place. A municipality is held only to the maintenance of a reasonably safe sidewalk. *Griffith v. Denver,* 55 Colo. 37, 44, 132 Pac. 57; *Pueblo v. Smith,* 57 Colo. 500, 143 Pac. 281. A defect in a street or sidewalk, to be actionable, must be such that a reasonably prudent person would anticipate danger from its existence. *Denver v. Hyatt,* 28 Colo. 129, 63 Pac. 403. Sometimes this is a question for the jury, as in *Griffith v. Denver,* supra, and sometimes the defect is such that, as a matter of law, it is not actionable, as was the case in *Pueblo v. Smith,* supra. Each case must be determined on the facts in evidence. *Denver v. Hatter,* 68 Colo. 194, 188 Pac. 728."

With the principle thus announced in mind, we think it an unreasonable construction of the opinion to say that it lays down the proposition that, whether permitting an inequality or raised block in a sidewalk, constitutes actionable negligence may be determined simply with a foot rule. If the case is to be so construed, it means that a two inch inequality in the sidewalk in front of an old ladies' home, used daily by the aged and infirm, and a two inch inequality in the wholesale district in a sidewalk used by able-bodied truckers and produce men, accustomed to carrying heavy loads over rough and uneven surfaces, are on a parity, so far as permitting an inference of negligence is concerned, and that both in-

equalities may be observed, measured, and up to two inches, permitted to continue with impunity. The case is not authority for such a proposition.

However, if it be assumed that a two-inch inequality precludes recovery as a matter of law in the instant case, we are still confronted with a construction of the words "approximately two inches." If they may be construed as meaning, not two inches or less, but two inches or more, then even under the interpretation placed by the city on our opinion in *Denver v. Burrows, supra,* recovery is not precluded.

Webster defines the word "approximate," the adjective form of the word, from which the adverbial form is derived, as follows:

"1. Approaching; proximate; situated very near or close together; nearly resembling.

"2. Near to correctness; nearly exact; not perfectly accurate; as, *approximate* results or values."

Our statutory rules of construction, section 2, chapter 159, '35 C.S.A., provide, inter alia: "First — All words and phrases shall be understood and construed according to the approved and common usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning, shall be construed and understood according to such peculiar and appropriate meaning."

Commonly, the word "approximately" is used to describe a judgment or conclusion that is conceded not to be absolutely correct. When applied to a judgment as to distance, time or space that may vary in extent or quantity, without varying in character, it means an estimate merely; when exact determination is made, this approximation may exceed or fall short within reasonable limits, of that known quantity which was used as a basis of the estimate. To translate the abstract into the concrete, if actual measurement of an inequality alleged as approximately two inches, disclosed it to be in

fact one and five-eighths, or one and three-fourths inches, or if it is disclosed to be two and one-fourth, or two and three-eighths inches, in either case it is correct, giving to the words their common significance, to describe it as "approximately two inches." An examination of the definitions from adjudicated cases contained in Words and .Phrases, permanent edition, volume 3, discloses that courts have recognized the term as being commonly used as meaning "more or less, or in the neighborhood of."

The purpose of the notice, as the city itself asserts, is primarily to give it the opportunity to discover the actual situation while it exists. If the city in this case made measurements of the inequality which the notice provided opportunity for making, it was not misled; if it did not make such measurements, it is not in position to complain of its lack of exact information. We have held that where the location of an accident is inaccurately described in the notice, with no intention to mislead the city, and it is not in fact misled, that such inaccuracy does not invalidate the notice. *City of Pueblo v. Babbitt*, 47 Colo. 596, 108 Pac. 175; *City and County of Denver v. Perkins*, 50 Colo. 159, 114 Pac. 484; *City of Cripple Creek v. Loveless*, 70 Colo. 482, 202 Pac. 705.

No reason is suggested, and none occurs to us why inadvertent inaccuracy in stating location, with no actual misleading, may be condoned under the statute, or charter, that does not apply with equal or greater force to a mere inaccuracy as to the extent of an accurately located inequality, or defect.

Since we hold that the allegation in the complaint would authorize the admission of evidence to show an inequality of the extent alleged in the notice, and since we hold further that the extent of the inequality that may be shown under the allegations in the notice is not so limited as to preclude recovery as matter of law, the cases which are cited from other jurisdictions, viz.:

*Harrington v. City of Battle Creek,* 288 Mich. 152, 284 N.W. 680; *Pecorelli v. City of Worcester,* 307 Mass. 425, 30 N.E. (2d) 230; *Dooling v. City of Malden,* 258 Mass. 570, 155 N.E. 636, holding the variance between allegations of the notice fatal under the facts of those cases, are distinguishable from the instant case and are not controlling. One of the distinctions is indicated by a statement in the opinion in *Harrington v. City of Battle Creek, supra,* that: "The purpose of the notice to the city is not alone to afford opportunity for investigation but as well to confine plaintiff substantially to the character of the defect alleged in the notice and claimed to have caused injury and consequent liability of the city." In the case at bar there was no variance in the allegations as to the character of the defect, but merely in its extent. The character of the defect was alleged to be an inequality, or raised block in both the notice and complaint.

The judgment is reversed and the cause remanded, further proceedings, if any, to be consistent with the views herein expressed.

Mr. Justice Bakke, Mr. Justice Burke, and Mr. Justice Hilliard dissent.

Mr. Justice Hilliard dissenting.

An action for damages for personal injuries resulting from a fall on a city sidewalk. On the eve of trial, the city orally moved for judgment on the pleadings, which was granted.

Plaintiff, proceeding as required in such matters, served written notice of the accident on the city, stating that she caught "her toe on the edge of a cement slab of said sidewalk, which slab was raised approximately two inches above the level of the adjoining slab * * *"; that she was "precipitated to the sidewalk * * * and as a result thereof suffered" the injuries of which com-

plaint is made. In her complaint she pleaded the notice and set it forth fully, but in describing the condition of the place of the accident she alleged that "the edge of the concrete block * * * was raised approximately three (3) inches above the level of the adjoining cement slab." The discrepancy between "approximately two inches," as set forth in the notice, and "approximately three (3) inches," as alleged in the complaint, is important in that, if, in the circumstances here, approximately two inches means not more than two inches, as I think, and that the notice, rather than the complaint, controls, also, as I think, then, as a matter of law, our decisions considered, the trial court rightly absolved the city. *Denver v. Burrows,* 76 Colo. 17, 227 Pac. 840; *City of Colorado Springs v. Phillips,* 76 Colo. 257, 230 Pac. 617.

Considering plaintiff's interest in stating the situation as favorably to her cause as the facts warranted, and her immediate knowledge of the extent of the defect in the sidewalk, I am persuaded that the language she employed in giving notice of the accident, did not, nor was it intended to, imply that the "raise" in the sidewalk was greater than two inches. Rather, reasonably regarded, she meant that it approached, or came near to, two inches. That meaning is the definition which Webster gives to the word "Approximate," one form of the word plaintiff employed in both her notice and her complaint. "Approximately," her precise word, is not synonymous with "more or less." The latter expression implies going beyond or over the figure named, while approximately does not. *Bloomington Canning Co. v. Union Can Co.,* 94 Ill. App. 62.

Since the notice given by plaintiff was a prerequisite to the establishment of liability on the part of the city, I think failure to state facts therein justifying recovery, concludes her. In such circumstances she may not have resort to her complaint—the notice controls. The variance between the notice and complaint only tends to emphasize the weakness of the notice. See *Harrington*

*v. City of Battle Creek,* 288 Mich. 152, 284 N.W. 680; 43 C.J., p. 1240, §2009. I think the judgment should be affirmed.

MR. JUSTICE BAKKE and MR. JUSTICE BURKE concur in this opinion.