ORRIVILLE M. KAHERL *vs.* INHABITANTS OF ROCKPORT.

Knox.    Opinion May 10, 1895.

*Way.  Defect,— description of.  R.  S., c.  18, § 80.*

A notice which sufficiently and definitely describes the location of an alleged defect, but does not describe the location of the defect that caused the injury, is not in compliance with the statute, R. S., c. 18, § 80.

The written notice in this case specified the location of the defect, in effect, as follows, "in the sidewalk of the highway known as Commercial street, at the termination of the planking on that evening, nearly abreast the steam grist-mill and lumber factory." At the time of the accident the town was rebuilding the sidewalk along Commercial street and had completed it to a point two hundred and ten feet beyond the mill mentioned in the plaintiff's notice. For a portion of the way the sidewalk consisted of wood plank, which terminated at a driveway nearly abreast the mill, and for the remaining distance it consisted of a concrete of limestone chips and gravel. The defect which caused the injury was not "nearly abreast the mill," but two hundred and ten feet distant therefrom; it was not at the termination of the planking but about two hundred feet from the end of the planking.

The location of the defect might have been accurately specified by reference to a dwelling-house in its immediate proximity.

ON REPORT.

The case is stated in the opinion.

*J. H. and C. O. Montgomery*, for plaintiff.

Substantial certainty in the notice is all that is required. Sufficient if not misleading. *Spellman* v. *Chicopee*, 131 Mass. 443 ; *Welch* v. *Gardner*, 133 Mass. 529 ; *Chapman* v. *Nobleboro*, 76 Maine, 427 ; *Blackington* v. *Rockland*, 66 Maine, 334.

*C. E. and A. S. Littlefield* for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WISWELL, J. The only question is, whether in an action against a town to recover for injuries caused by an alleged defect in the sidewalk of a street, the notice required by statute to be given within fourteen days after the accident, sufficiently specifies the location of the alleged defect.

The statute, R. S., c. 18, § 80, requires the person injured to give written notice, "setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury."

The written notice, in this case, describes the location as "a defect and want of repair in the sidewalk of a highway known as Commercial street at a point in said highway nearly abreast the Steam Grist-Mill and Lumber Factory." Further on in the same notice the nature and location of the defect are described as follows: "The defect and want of repair through which said injuries were occasioned, consisted of deep depression of the sidewalk at the termination of the the planking on that evening."

Fairly interpreted, the whole notice, in regard to the location of the defect, would read, "in the sidewalk of the highway known as Commercial street, at the termination of the planking on that evening, nearly abreast the Steam Grist-Mill and Lumber Factory."

At the time of the accident, the town was rebuilding the sidewalk along Commercial street and had completed it to a point two hundred and ten feet beyond the mill mentioned in the plaintiff's notice. For a portion of the way the sidewalk consisted of wood plank, which terminated at a driveway nearly abreast the mill, and for the remaining distance it consisted of a concrete of limestone chips and gravel. The defect which caused the injury was a hole at the end of the concrete walk and two hundred and ten feet distant from the mill referred to in the plaintiff's notice.

The question here is not whether a notice in general terms is sufficient to lead the municipal officers, "acting reasonably, into such inquiry and investigation as would result in their acquiring a full knowledge of the facts of the case," as in *Blackington* v. *Rockland*, 66 Maine, 332. The notice in this case is precise and definite; it describes the location as "at the end of the planking, nearly abreast the mill." While the defect which caused the injury was at an entirely different place, it was not nearly abreast the mill but two hundred and ten feet distant therefrom, and it was not at the end of the planking but about

two hundred feet, as shown by the plan, from the termination of the planking. This word "planking" must be taken in its common and ordinary meaning, "planks collectively," "a series of planks in place," and not in the unusual and extraordinary sense claimed by plaintiff's counsel.

The object of this statute requirement as to the subsequent notice is apparent. It is, that the municipal officers may be speedily informed of the nature and extent of a person's injuries, who claims to have sustained them by reason of a defective way; and that they may have an opportunity to examine into the facts, especially the alleged defective condition of the way, before changes have occurred, with a view, either of procuring testimony to contest the claim, or to settle it, if, after investigation, they deem such a course advisable. *Blackington* v. *Rockland*, *supra*. The municipal officers in this case, in making an investigation of the facts, based upon the information contained in the notice, would naturally have gone to the precise spot referred to in the notice. That place was at the end of the planking on the evening of the accident, nearly abreast the mill. There was nothing in the notice to call their attention to another place two hundred feet distant from the one referred to, and which might have been accurately described by reference to a dwelling-house upon the street, and only a few feet from the defect which is claimed to have caused the injury.

The notice sufficiently and definitely describes the location of an alleged defect; it does not describe the location of the defect which caused the injury. In accordance with the terms of the report the entry will be,

*Plaintiff nonsuit.*