[No. 4992. Decided March 16, 1904.]

PATRICK McCARROLL, *Appellant,* v. CITY OF SPOKANE, *Respondent.*[1]

MUNICIPAL CORPORATIONS — ACTIONS — DEMAND — PLEADINGS — CLAIM FILED INCONSISTENT WITH COMPLAINT. In an action against a city for personal injuries sustained by a pedestrian by a collision with bicycles while plaintiff was walking on a bicycle path, which he was led to believe was a sidewalk, at a place where the city had negligently, as it is alleged in the complaint, failed to provide a sidewalk or any other walk for pedestrians or to give any notice of the nature and use of the path, an objection to any evidence is properly sustained where it appears that the claim required by law to be filed with the city alleged that the plaintiff was run into by bicyclists while walking upon one of the sidewalks of the city, since the same does not state any ground for a recovery and is inconsistent with the complaint, which presents altogether another cause of action.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered September 18, 1903, upon the verdict of a jury rendered in favor of the defendant by direction of the court, upon sustaining an objection to any evidence. Affirmed.

*L. H. Prather,* for appellant.

*John P. Judson* and *A. H. Kenyon,* for respondent.

DUNBAR, J.—This is an action for damages on account of personal injuries, claimed by appellant to have been caused by the respondent's negligence. Appellant alleges in his complaint, that respondent negligently constructed and controlled, in the said city of Spokane, a bicycle path beside a walkway, which it negligently allowed to become impassable for pedestrians, and so negligently constructed said bicycle path and walkway, in relation to each other, as to lead pedestrians to believe that the bicycle path was the

[1]Reported in 75 Pac. 973.

sidewalk, and negligently failed to use any means to inform or show pedestrians that the bicycle path was not the sidewalk, and was dangerous to pedestrians; that, at the place where the injury occurred, the sidewalk was impassable for pedestrians on account of boulders and other obstructions, and the only way to pass was on and along said bicycle path; that said bicycle path was dangerous to pedestrians on account of persons riding bicycles thereon; that respondent knew all these facts, and by the use of reasonable care could have known them; that, during the existence of the conditions aforesaid, on the 20th day of April, 1901, at about 9 o'clock in the evening, it then being dark and the street muddy, appellant was rightfully walking on the sidewalk at said place, and, coming to the space in said walkway where there was no sidewalk, and the walkway being impassable on account of boulders and other obstructions, to proceed on his journey walked on to said bicycle path, believing it to be the sidewalk, and having no knowledge to the contrary, and there being no other place for him to walk; that, while so walking on said sidewalk, two persons rode up behind him on bicycles unawares to him, and rode against and upon him, causing the injuries complained of; that on the 20th day of June, 1901, he filed with the city council of the city of Spokane a claim, as required by the charter of said city, except the filing was sixty days after the accident instead of thirty, as required by said charter; that the said city council duly considered and passed on said claim, and disallowed it; that appellant's injuries were such as to render him incapable, both mentally and physically, of knowing or stating the facts of said injury as to time, place, and circumstances, for more than three months thereafter, and up to the time of filing the complaint herein; that appellant was damaged in the sum of $20,000, for which he demanded judgment. A demurrer was filed to the complaint on the ground that it did not

state facts sufficient to constitute a cause of action, which demurrer was overruled, and an answer interposed denying negligence on the part of the city, and alleging contributory negligence on the part of the appellant.

After the opening statement of counsel for the appellant to the jury, respondent objected to the introduction of any testimony, upon the following grounds: Because the claim of the plaintiff, presented to the city council, which is attached to plaintiff's complaint, does not state facts sufficient for the basis for an action to recover damages against the defendant city; because the facts stated in plaintiff's complaint are not consistent with, and that they contradict, the statements made in the claim as to the cause or causes of plaintiff's injury, the place of the injury, and negligence of the city; because it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action; because the opening statement made by plaintiff's counsel to the jury, considered in connection with the claim filed, shows that the plaintiff cannot maintain this action.

The counsel's opening statement was in substantial harmony with the allegations of the complaint. As we view the case on the merits, it is not necessary to discuss the question as to whether or not the claim was filed in time, for it plainly appears that the allegations of the complaint, considering the claim presented to the city council as one of the allegations, are too inconsistent to sustain a judgment, the other material allegations of the complaint contradicting the statements made in the claim. The statements made in the claim which is the basis of the complaint do not show any cause of action against the city. The substance of the claim is that, while the claimant, in the exercise of ordinary care, was walking upon one of the sidewalks of the city, he was run against and upon by two young men who were then and there riding bicycles, and was thereby injured. The city could certainly not be held

responsible for injuries resulting from a circumstance of this kind, especially in view of the fact that the complaint shows that there was a city ordinance against the riding of bicycles on any of the walks of the city. Nor is the claim strengthened by the bare assertion, following the statement of facts, that the claimant was injured by reason of the city's neglecting and carelessly failing to build and construct proper sidewalks at the place where the claimant received said injuries. The complaint, outside of the statements of the claim presented, presents altogether another case and another theory, viz.: that the injury was caused by reason of the appellant being led to believe by the action of the city that he was walking on one of the sidewalks of the city where he had a right to walk, when in reality he was not on the sidewalk at all, but on a cinder path built especially for bicycle travel. The court did not err in sustaining the objection to the admission of evidence.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.