ENGLISH v. CITY OF FT. WORTH et al.†

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 9, 1912. Rehearing Denied Dec. 7, 1912.)

1. APPEAL AND ERROR (§ 883*)—QUESTIONS REVIEWABLE — PEREMPTORY INSTRUCTIONS GIVEN BY CONSENT OF PARTIES.

A party may not, on writ of error, complain of a peremptory instruction for the adverse party, given with his express consent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3611; Dec. Dig. § 883.*]

2. PLEADING (§§ 390, 391*)—ISSUES, PROOF, AND VARIANCE—ALLEGATIONS OF TIME AND PLACE.

Though, ordinarily, allegations of time and place are immaterial, and need not be proved as laid, they may be made material by the manner or by the requirement of the averments.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1306, 1310, 1311; Dec. Dig. §§ 390, 391.*]

3. MUNICIPAL CORPORATIONS (§ 812*)—DEFECTIVE STREETS—NOTICE OF INJURY—CONDITION PRECEDENT.

The giving of the notice specified in Ft. Worth City Charter, providing for notice of the time and place of injury to hold the city liable therefor, is imperative, and it is a prerequisite to a right to recover for injuries on a defective street that notice of the place of the defect is given.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. § 812.*]

4. MUNICIPAL CORPORATIONS (§ 816*)—DEFECTIVE STREETS—PLACE OF ACCIDENT—NOTICE—PETITION.

Where the statutory notice of injury on a defective street stated that the accident occurred at or near the crossing of C. avenue and Twenty-Third street, and near a grocery store whose number was 2308 C. avenue, and the locality of the defect was substantially stated in the same way in the petition, the allegation as to the place of the accident was descriptive of the cause of action, and the proof must correspond at least substantially with the notice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1711–1724; Dec. Dig. § 816.*]

5. MUNICIPAL CORPORATIONS (§ 821*) — DEFECTIVE STREETS—PLACE OF ACCIDENT—NOTICE—PETITION—EVIDENCE.

Where, in an action for injuries on a defective street, the notice described the place of the accident as at or near the crossing of C. avenue and Twenty-Third street, and near a grocery store whose number was 2308 C. avenue, and there was evidence that the accident happened at the crossing of C. avenue and Twenty-Second street, about 600 feet away, and that the conditions at or near the crossings were similar, the question whether the intersection of Twenty-Second street was within the notice was for the jury, and their finding that the place of the accident as stated in the

notice was not substantially proved was justified.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

Error from District Court, Tarrant County; R. H. Buck, Judge.

Action by W. C. English against the City of Ft. Worth and another. There was a judgment for defendants, and plaintiff brings error. Affirmed.

McLean & Carlock, of Ft. Worth, and B. Q. Evans, of Greenville, for plaintiff in error. Capps, Cantey, Hanger & Short and D. B. Trammell, all of Ft. Worth, for defendants in error.

CONNER, C. J. W. C. English sued the Northern Texas Traction Company and the city of Ft. Worth to recover for personal injuries alleged to have been received by the plaintiff while being driven in a buggy along Clinton avenue in the northern part of the city. It was alleged that the street car line occupied a portion of the street, and that it had been left in a defective and dangerous condition "near the intersection of Clinton avenue and Twenty-Third street." The case was submitted upon the issues arising under the pleadings and evidence between the plaintiff and the city of Ft. Worth, the court giving a peremptory instruction to find for the Northern Texas Traction Company, and the result of the trial was a verdict and judgment in favor of the defendants.

[1] Error is assigned to the peremptory instruction in favor of the Northern Texas Traction Company; but, as appears from the amended record herein filed, this instruction was with the express consent of plaintiff in error, and we must, therefore, overrule the first assignment on this ground.

In submitting the issues between the plaintiff and the city, the court instructed the jury, among other things, that if the plaintiff was riding in a buggy along the east side of Clinton avenue, and was thrown out and made to sustain injuries "at or near the vicinity of the intersection of Clinton avenue and Twenty-Third street in the manner complained of in his petition," etc., then to find for the plaintiff, but that, "if you do not find and believe that said accident to the plaintiff, if any, occurred at or near the intersection of Clinton avenue and Twenty-Third street, then your verdict will be for the city, even if you should find said city was guilty of negligence." The importance of these instructions, which are assigned as error, becomes apparent when it is understood that the proof as to the precise locality of the accident is conflicting. The plaintiff, and perhaps other witnesses, testified that the accident occurred at the crossing of Twenty-Third street and Clinton avenue, as was alleged, while some of the other wit-

nesses placed it at the intersection of Clinton avenue and Twenty-Second street; the distance between Twenty-Third street and Twenty-Second street, on Clinton avenue, being about 600 feet, and there being evidence tending to show that conditions at each of the intersections named were similar.

[2] Plaintiff in error insists that if the testimony showed that he was mistaken in the location of the accident, but also showed that he was injured at Twenty-Second street, 600 feet distant from Twenty-Third street, and that the same acts of negligence existed at Twenty-Second street as at Twenty-Third street, and that they caused his injuries, under the circumstances charged in the petition, he would be entitled to a recovery. While, ordinarily, allegations of time and place are not material, and need not be proved as laid, yet they may be made so by the manner or by the requirement of the averment. 1 Greenleaf on Evidence, § 61.

[3, 4] Section 4, art. 13, of the City Charter of Ft. Worth reads: "The city of Ft. Worth shall not be held to liability for and on account of any damages or injuries of any kind whatsoever to persons or property, unless the person claiming the same, his agent or attorney, shall, within 30 days after such injury or damage has been sustained, serve notice in writing upon the board of commissioners giving the day and date, the time and place where such injury or damage occurred and the nature and character of the injury." Service of notice as required by this section of the charter was alleged; the notice, in so far as it relates to the question of place, reading: "Said accident and injury occurred by reason of an open culvert at and near the crossing of Clinton avenue and Twenty-Third street in the city of Ft. Worth, Tarrant county, Texas, and being in that part of the city which was formerly known as the city of North Ft. Worth, * * * and near to the grocery store of W. P. Boggess, whose number is 2308 Clinton avenue."

The reasons for such requirements seem quite apparent, and it seems well settled that, when required by legal enactment, the giving of the notice is imperative. See 28 Cyc. 1447 and 1757; City of Ft. Worth v. Shero, 16 Tex. Civ. App. 487, 41 S. W. 704; Luke v. City of El Paso, 60 S. W. 363; Parsons v. City of Fort Worth, 26 Tex. Civ. App. 273, 63 S. W. 889. Here, then, as a prerequisite to plaintiff's recovery, it was essential that formal notice of the place of the defect in the street should have been served upon the city. It was so alleged, and the locality of the defect in the street was stated substantially the same in both the petition and the notice. Indeed, the notice in its descriptive averments more strictly limited the place of the defect than did the petition, particularly in view of the fact that the evidence shows that "Boggess' store at 2308 Clinton avenue" was but the second door from the intersection of Clinton avenue and Twenty-Third street. Moreover, the description given was something more than the ordinary mention of place. It was in the nature of a description of the defect, alleged to have been negligently maintained, which constituted the basis of the plaintiff's cause of action. It seems clear, therefore, that the allegations relating to the place of the accident thus necessarily become descriptive of the plaintiff's very cause of action, and being so, that the proof should correspond at least substantially with the notice. Kaherl v. Inhabitants of Rockport, 87 Me. 527, 33 Atl. 20; Miles v. Lynn, 130 Mass. 401; Donnelly v. City of Fall River, 130 Mass. 115; Larkin v. Boston, 128 Mass. 521; Learned v. New York, 21 Misc. Rep. 601, 48 N. Y. Supp. 142.

[5] It is insisted, however, that there was a substantial compliance; but we do not think we can so say as a matter of law. The intersection of Twenty-Second street with Clinton avenue was as distinct from the intersection of Twenty-Third street with the same avenue as from any other officially designated point in the city, except that it appeared that the intersection of Twenty-Second street was shown to be only about 600 feet from that of Twenty-Third street, which, in a relative sense, may be said to be "near" the intersection of Twenty-Third street and Clinton avenue. But, as we have seen, there was the further limitation that it was "near the grocery store of W. P. Boggess, whose number is 2308 Clinton avenue." So that, on the whole, the question of whether the intersection of Twenty-Second street was brought within the descriptive terms of the plaintiff's allegations and notice was for the jury, and was so submitted by the court's charge, both in the affirmative and negative forms in which it was presented, in the very language of the plaintiff's petition. We think the court could have properly done no less, and that the evidence warrants the conclusion that must be imputed to the verdict of the jury that the plaintiff failed to establish that the place—the defect in the street of which complaint is made—was as alleged and the one of which he had given notice as required by the charter.

Plaintiff thus failed to establish one of the essentials of his case and such failure cannot be remedied by the fact, if it be so accepted, that one of the city's agents, having heard of the accident from other sources, visited the intersections with Clinton avenue of both Twenty-Second and Twenty-Third streets, and found the conditions similar at both places. The city board of commissioners had the right under the terms of the charter to be served with notice in writing of the particular place which it was alleged had been negligently maintained, and to appoint such agents as the board should designate to make inquiries and report upon the facts, and to take such action in the preser-

vation of the city's interests as to them might seem proper. It cannot be assumed, therefore, that any such examination was made at the intersection of Twenty-Second street and Clinton avenue; the notice actually served pointing distinctly to a different place.

We conclude that the court did not commit error in submitting the cause as he did, and that it cannot be said that the variance mentioned was immaterial or unsubstantial.

All assignments of error are, accordingly, overruled, and the judgment affirmed.