ELLEN M. LANE *vs.* CLARENCE E. CRAY. C. T.

WILLIAM LANE *vs.* CLARENCE E. CRAY. C. T.

MARCH 28, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows and Murdock, JJ.

RATHBUN, J. These two actions of trespass on the case for negligence against the city of Providence were brought by a husband and wife respectively to recover damages resulting from personal injuries caused by her falling upon a sidewalk alleged to have been defective.

In the Superior Court the plaintiffs were nonsuited at the conclusion of the evidence in their behalf, and the cases are before us on the plaintiffs' exceptions to the ruling granting the defendant's motions for nonsuit.

The decision granting the nonsuit was based on a ruling that there was a variance, as to the cause of the injury, between the notice to the city and the proof.

The statute giving a right of action against cities and towns to persons who are injured or damaged by reason of the negligence of the municipality in failing to keep its highways in repair provides as follows: "A person so injured or damaged shall, within sixty days thereafter, give. to the

town by law obliged to keep such highway, causeway or bridge in repair, notice of the time, place, and cause of such injury or damage." Section 17, Chapter 47, G. L. 1923. The giving of notice, setting forth the "time, place, and cause" of the injury or damage is a condition precedent to the commencement of action against the municipality for such injury or damage. *Maloney* v. *Cook*, 21 R. I. 471; *Taylor* v. *Peck*, 29 R. I. 481; 43 C. J. 1184.

The accident occurred on the southerly side of Westminster street in the city of Providence on the sunken sidewalk which forms the crosswalk in front of the alley leading from said street to the rear of the Turks Head Building. It is admitted that the notice which was given contained sufficient information as to the time and place of the accident. The portions of the notice stating the cause of the injury were as follows: "And said Ellen M. Lane avers that on and prior to said 31st day of December, A. D. 1925, said southerly sidewalk, so called, at the point aforesaid, was in a patched, depressed, broken, and otherwise defective condition, permitting and causing the artificial accumulation thereon of large quantities of water, ice, and snow, which water, ice, and snow was prevented from draining or clearing from said sidewalk as would otherwise be the result except for the worn, defective, condition and want of repair of said sidewalk and the negligent construction and maintenance and patching thereof, . . . which said condition and said accumulation rendered said highway and sidewalk unsafe and inconvenient and a menace to the travelers on said highway. And while said Ellen M. Lane, in the exercise of all due care was walking, to wit, easterly along said Westminster Street upon said, to wit, southerly sidewalk, at the point and place aforesaid, she stepped upon a large quantity of ice, snow and water which had been caused or permitted to accumulate and remain for a long period of time upon said sidewalk because of the defective and worn condition of said sidewalk, its want of repair, and the negligent patching and maintenance thereof, causing her to slip

and fall with great force and violence to and upon said sidewalk . . . ."

The cause of injury stated in the notice is a fall caused by slipping upon "ice, snow and water" which had been permitted to accumulate by the negligent maintenance and repair of the sidewalk. Mrs. Lane's testimony was that she stepped into a hole, of the shape of a flatiron, from three and one half to four inches in depth; that her foot was caught in this hole and that she fell before she could extricate her foot. She positively denied that she slipped. If it was a fact that such a hole existed in the sidewalk and that her fall, and the resultant injury, was caused by her foot being caught therein, it would have been a simple matter to have located the hole and to have stated that the injury was caused by getting her foot caught in said hole.

The purpose of the notice is to advise the city in what the alleged negligence consists and give an opportunity to investigate, while the facts are fresh and witnesses are available and before the conditions have materially changed, and to decide intelligently whether it is advisable to settle the claim and, if necessary, to prepare for trial. 43 C. J. 1185.

While this statute should be construed with reasonable liberality courts should not adopt a construction which deprives a municipality of the safeguards which the statute was designed to secure. Had the plaintiffs, in their notices, complained of a hole, of the dimensions testified to by Mrs. Lane, or of any hole, as the proximate cause of the injury, the agents of the city could then have ascertained whether the complaint was well founded, and if no hole sufficient to cause the injury had been negligently permitted to remain in the sidewalk, witnesses to establish such fact might readily have been obtained. To permit one cause of injury to be stated in the notice and a recovery, at a trial more than three years after the accident, on testimony stating a totally different cause amounts to an abrogation of the portion of the statute involved. The notice failed to give information

which by reason of the statute the city was entitled to receive. See *Olcott* v. *St. Paul*, 91 Minn. 207.

The plaintiffs contend that the statements in the notice as to ice, snow and water causing Mrs. Lane to slip should be rejected as surplusage. If said statements are eliminated the notice is defective for the want of statement of the cause of the injury. She insists that she did not slip but that she stepped into a hole; and no hole is complained of in the notice. There is no statement in the notice that the whole foot or the heel was caught in a hole; that she tripped over some particular projection; that by reason of an uneven surface she turned her ankle, or any other statement of cause. See *Maloney* v. *Cook*, *supra*.

The plaintiffs' exceptions are overruled and the papers in each case are remitted to the Superior Court for the entry of judgment on the nonsuit.

*William S. Flynn, Edmund W. Flynn* for plaintiffs.

*Elmer S. Chace*, City Solicitor of City of Providence, *Clifton I. Munroe*, Assistant City Solicitor, for defendant.