ELIZABETH GANNON vs. WALTER F. FITZPATRICK, C. T.

APRIL 29, 1937.

PRESENT: Flynn, C. J., Moss, Baker, and Condon, JJ.

148

CONDON, J. This is an action of trespass on the case brought against the city of Providence under the provisions of the general laws of 1923, imposing liability upon municipalities for injuries resulting from the defective condition of public highways that they are by law obliged to repair and keep safe and convenient for travelers.

The case was tried before a justice of the superior court sitting with a jury. After the plaintiff had closed her case, the defendant moved for a nonsuit on the ground of a material variance between the proof offered in evidence of the alleged defect in the highway and the description of such defect as contained in the notice given to the city as required by G. L. 1923, chap. 47, sec. 17. The trial justice granted the motion and the plaintiff thereupon duly excepted. The case is here on the plaintiff's bill of exceptions, raising as the sole question for us to determine, the correctness of the ruling of the trial justice on said motion.

The plaintiff earnestly contends that there was no variance between the notice and the proof but, even granting that there was such a variance, she further contends that it

was not material because it did not mislead the city in its investigation. Therefore, she argues, it could not be considered as a fatal variance sufficient to furnish ground for a nonsuit. The defendant on the other hand argues just as earnestly that the variance was fatal and that it was misled thereby in the preparation of its defense in the action brought against it. The notice given to the defendant is contained in the following statement by the plaintiff, entitled:

## "Petition To The City Council."

"The undersigned respectfully petitions your honorable body for compensation for injuries or damages sustained on Williams street on Sunday, October 9, 1932. Between the hours of 4:30 and 5:00 p. m. was coming from Governor St. on the left side of Williams St. 15 feet from corner of East St. At the side of No. 2 East St. a break and a crack in the tar sidewalk caused me to fall from which I received painful injuries. The crack in the sidewalk caused me to fall on the gravel that was lower than the tar. I was wearing an ear phone the battery of which was inside and pinned to my clothing at my breast, it was broken in my fall and the shape of the battery was in my flesh and caused great pain. I also was bruised badly on left shoulder and left hip and both knees."

We will hereafter refer to this petition as the notice.

The testimony offered at the trial substantially coincided with the allegations of said notice, except that the plaintiff in her testimony referred to the defect in the sidewalk as a "hole", and as a "deep place" where she had fallen. The plaintiff's son also testified that the defect was a hole about eight inches in diameter, four inches deep, and all ragged around the edges. Mrs. Mellody, another witness for the plaintiff, testified that there was a "break" in the sidewalk where the plaintiff was injured.

The defendant rests its case entirely on the argument that the statement, contained in the notice, of a "crack" or "break" in the tar sidewalk does not describe a hole such

as the testimony disclosed and, therefore, there is a material variance between the notice and the proof. Resort was had by the defendant to Webster's International Dictionary to show the definition of each of the above words and the difference between them. The plaintiff, on the other hand, referred us to the Century Dictionary and Encyclopedia and Fernald's English Synonyms and Antonyms to support her contention that there was no great difference between a hole in the sidewalk and a break or crack in the sidewalk and, that in any event, the words used in the notice certainly informed the defendant of a defect in the sidewalk at the place where an injury had been caused to the plaintiff.

Placing to one side the somewhat interesting but, we think, unimportant contention here as to whether the word "break" properly describes a "hole" in the tar sidewalk, we may come at once to the real question which is "Whether the descriptive words used in the notice to advise the defendant of the alleged defect constituted such a serious error of description as to mislead the defendant to its prejudice?" If the description in the notice, when judged by the evidence adduced at the trial can reasonably be said to have had that effect necessarily and without question, then there was a fatal variance and the granting of the nonsuit was proper. It seems to us too clear to admit of extended argument over the fine shades of meaning of such words as "crack", "hole", or "break", that such description of the alleged defect would not necessarily have that effect as a matter of law.

The purpose of the notice required by said sec. 17 is to afford the defendant an opportunity in good season to investigate the facts on which it is accused of negligence in performing its statutory duty, and to determine whether or not it would be advisable to settle the claim. *Lane* v. *Cray,* 50 R. I. 486, 149 A. 593. Unless the construction of the statute deprives the municipality of the safeguards which this provision was designed to secure, the court should con-

strue it with liberality in favor of the plaintiff. *Lane* v. *Cray, supra.* In that case, this court refused to hold that a description in the notice that the plaintiff slipped and fell upon an accumulation of ice and snow on the sidewalk was notice to the city of a hole in the sidewalk about the shape of a flat iron three and one half to four inches deep, which caught the plaintiff's foot and caused her to fall and not to slip. But the court said, in that case: "Had the plaintiffs, in their notices, complained of a hole, of the dimensions testified to by Mrs. Lane, or of any hole, as the proximate cause of the injury, the agents of the city could then have ascertained whether the complaint was well founded, and if no hole sufficient to cause the injury had been permitted to remain in the sidewalk, witnesses to establish such fact might readily have been obtained."

In the *Lane* case, the court took the view that the notice alleged, as the cause of the plaintiff's injury, an accumulation of ice and snow on which she slipped, but that the evidence tended to prove that the cause of her injury was a hole in the sidewalk in which the plaintiff caught her foot. It is not difficult to see that on such a view the city was misled, and that, far from being apprised of substantially the true nature of the defect, it was informed of a totally different set of facts that could well lead it to conclude from the notice itself that the plaintiff had no valid claim.

The notice in the case at bar informed the city that a defect in the tar sidewalk of Williams street caused injury to the plaintiff. That defect was described as "a break and a crack in the tar sidewalk", and its location was more particularly identified. The plaintiff further stated in the notice that: "The crack in the sidewalk caused me to fall on the gravel that was lower than the tar", thus indicating more particularly a depression of some kind in the sidewalk. The city, upon receipt of such notice, was placed in a position to investigate for its own protection. It was not advised by the notice whether the alleged break was an inch or a foot wide or whether it had caused a slight or

deep depression in the sidewalk. Such a detailed description of the defect in the notice may be desirable but it was not indispensable. What is important is that, as indicated by the court in the *Lane* case, it was furnished with sufficient information to enable it to inform itself of the location, nature and degree of the alleged defect, and whether or not it was of such a character that the city would be chargeable with liability for any injury caused thereby. The city could not safely conclude, because the words "crack" and "break" were used in the notice, that the opening, if any, in the tar surface of the sidewalk was inconsequential. This description of a defect in the sidewalk, coupled with the allegations of the plaintiff's injuries caused thereby, was sufficient to put it upon notice that the defect might be something serious, of the same general nature. If the city acted upon receipt of this notice as the statute intended, it would have found, if the plaintiff's evidence was true, that there was a hole in the sidewalk eight inches long and about four inches deep at the place indicated in the notice. Having made such investigation, the city could not have been surprised or misled by testimony of such facts at the trial. In other words, only if the city failed to avail itself of the safeguard, which the notice was designed to secure for its benefit, could it have been misled.

Many cases have been cited to us by both the plaintiff and the defendant, but we think from a reading of their briefs that the parties are not in disagreement so much over the law that governs this class of cases as they are about the sufficiency of the notice properly to inform the defendant of the cause of the accident, as provided by the statute. For this reason we have refrained from commenting here on the authorities presented.

It is sufficient to say that we are of the opinion that the evidence in the instant case, if variant from the notice, was not so materially variant as to show that the defendant was misled to its prejudice by the notice and thus constitute a

fatal variance. The ruling of the trial justice, granting the defendant's motion, was erroneous.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Carroll & Dwyer, Edward F. J. Dwyer,* for plaintiff.

*Daniel E. Geary, City Solicitor, John T. Walsh, Asst. City Solicitor,* for defendant.