## CITY OF WACO v. LANDINGHAM.
### No. 2135.

Court of Civil Appeals of Texas. Waco.
Feb. 22, 1940.

Rehearing Denied Jan. 22, 1942.

George Morrow, City Atty., and Mabel Grey Howell, Asst. City Atty., both of Waco, for appellant.

Bryan & Maxwell, of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by Charlie Landingham against the city of Waco for damages for personal injuries sustained by plaintiff while working as an employee of the city of Waco. A trial before a jury resulted in judgment for plaintiff for $10,500. The defendant appealed.

From the view which we take of the case, only one point need be discussed, and that concerns the character of notice of injury given by the plaintiff to the city. The charter of the city of Waco contains the following provision: "Art. 3. The City of Waco shall not be held responsible on account of any claim for damages to any person or property unless the person making such complaint or claiming such damages shall, within thirty days after the time at which it is claimed such damages were inflicted upon such person or property, file with the City Secretary, a true statement under oath, as to the nature and character of such damages or injuries, the extent of the same, and place where same happened, the circumstances under which happened, the conditions causing same, with a detailed statement of each item of damages and the amount thereof * * *." The only notice filed with the city by plaintiff in compliance with the above quoted charter provision described the circumstances under which the injury occurred and the conditions causing the same as follows: "That on or about December 27, 1935, the claimant was on a truck owned by and operated by an employee of the city of Waco, to-wit, one Hal Payne, at the City Corral in the city of Waco; that the driver of such truck suddenly started the same and the claimant who was on said truck and attempting to alight therefrom, was caused by such moving to miss his footing and

**80**

fell and sustained injuries as hereinafter set forth:" In plaintiff's petition, filed several months after the accident, he alleged that on the occasion in question he was an employee of the city of Waco; that the city used its own truck to haul its employees to and from their work; that the brakes on said truck were old and worn out and defective, and that the city of Waco was negligent in so furnishing a truck with defective brakes; that on the occasion in question plaintiff had returned from his work on the truck to the city corral and was preparing to alight therefrom. Plaintiff further alleged as follows: "Plaintiff further shows to the court that the driver of the truck in question at the time of his injury and at the time herein alleged, brought said truck to a dead stand; that the ignition had been turned off and the engine had been stopped; that the emergency brake had been pulled on and it was at this time that this plaintiff undertook to alight from said truck in the manner hereinabove described; that said truck was not moved by the said Hal Payne, the driver thereof, or any other person; that after this plaintiff had placed his feet on the rear wheel of said truck and the same weighing several thousand pounds, the exact number of pounds not being known to this plaintiff, and being on a slight incline, the same of its motion and by reason of the faulty and worn out brakes that were insufficient to hold the weight of said truck, moved some three to five feet and threw this plaintiff off of said truck onto his side and injured him as herein more fully set out; that the acts of the defendant in furnishing a truck with old and dilapidated brakes and with brakes that would not hold the truck when empty, was negligence and which said negligence was a direct and proximate cause of the injuries sustained by plaintiff."

It is generally held that the purpose of the notice, such as is here required by the city charter, is to advise the municipality in what the alleged negligence consists and give it an opportunity to investigate while the facts are fresh and the conditions remain substantially the same, thereby enabling it to better guard against fraudulent and unfounded claims and to settle the claim and avoid litigation, or to prepare for trial if it decides not to make settlement. 43 C.J. 1185. There must at least be a substantial compliance with the statute. The description of the cause or

circumstances of the injury must be sufficient to direct attention with reasonable certainty to the substantial defect or act of negligence for such recovery is demanded. 43 C.J. 1200. Any material variance between the facts concerning the cause of the injury as set out in the notice and those offered in evidence tending to defeat the purpose of the notice is fatal. 43 C.J. 1240; 30 Tex.Jur. 558.

It will be noted that in the notice of injury here under consideration, the plaintiff made no allegation that the truck belonged to the city or that the brakes thereof were in anywise defective, but expressly charged that the truck belonged to one Hal Payne and that the injury was caused by the driver of the truck starting same while plaintiff was attempting to alight therefrom; whereas in the petition upon which he went to trial it was affirmatively alleged that the truck belonged to the city of Waco and that it was not moved by the driver thereof nor by anyone else, but that the defective brakes caused same to move. The proof offered by the plaintiff was in keeping with the allegations of the petition and not in accordance with the facts as set out in the notice of injury. We think the variance between the facts concerning the cause of the injury as set out in the notice and the facts as sustained by the proof was such as to defeat the purpose of the notice, and that such variance was therefore fatal. English v. City of Ft. Worth, Tex.Civ.App., 152 S.W. 179; Lane v. Cray, 50 R.I. 486, 149 A. 593, par. 2, 68 A.L.R. 1530; Olcott v. City of St. Paul, 91 Minn. 207, 97 N.W. 879; Krooner v. City of Waterbury, 105 Conn. 476, 136 A. 93; City of Birmingham v. Jeff, 236 Ala. 540, 184 So. 281; Id., 28 Ala.App. 343, 184 So. 278; Harrington v. City of Battle Creek, 288 Mich. 152, 284 N.W. 680; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63; McCarroll v. City of Spokane, 34 Wash. 344, 75 P. 973; Benson v. City of Madison, 101 Wis. 312, 77 N.W. 161; 68 A.L.R. 1533; Dooling v. City of Malden, 258 Mass. 570, 155 N.E. 636; Bowes v. City of Boston, 155 Mass. 344, 29 N.E. 633, 15 L.R.A. 365; Gagan v. City of Janesville, 106 Wis. 662, 82 N.W. 558.

The plaintiff counters with the proposition that, even though there be a fatal variance between the facts as set out in the notice and those as sustained by the proof, such variance was immaterial

because the above quoted charter provision requiring notice of claim within thirty days after injury as a condition precedent to suit violates sec. 13 of Article 1 of the State Constitution, Vernon's Ann.St., and the 14th Amendment to the Constitution of the United States, because the same is unreasonable and discriminatory and is impossible of fair and impartial application. It is particularly urged that this provision of the charter is unconstitutional because it would be impossible for infants of tender years, lunatics and those seriously injured to comply with its provisions, and because the charter makes no exception for the protection of such claimants. The holding of our Supreme Court in the case of Hanks v. City of Port Arthur, 121 Tex. 202, 48 S.W. 2d 944, 83 A.L.R. 278, supports the plaintiff's contention that the charter provision would be invalid if applied against claimants of tender years, lunatics and others incapable of giving such notice or if applied against a claim for injury to property. The case of the City of Waco v. Roberts, 121 Tex. 217, 48 S.W.2d 577, holds that such charter provision could not be applied in an action for the wrongful taking or damaging of real property. It does not appear, however, that plaintiff comes within any of these exceptions. His suit is for personal injuries, and it does not appear that he was disqualified or unable to comply with the provision of the charter. It is doubtful whether one who is fully capable of complying with such a charter provision is in position to challenge the validity thereof merely because certain other individuals might not be physically or mentally able to comply with its provisions. 16 C.J.S., Constitutional Law, p. 157, § 76; 9 Tex.Jur. 469; Neff v. Elgin, Tex.Civ.App., 270 S.W. 873; State v. Cage, Tex.Civ.App., 176 S.W. 928; El Dorado Independent School District v. Tisdale, Tex.Com.App., 3 S.W.2d 420, par. 4; Middleton v. Texas. P. & L. Co., 249 U.S. 152, 153, 39 S.Ct. 227, par. 1, 63 L.Ed. 527. At any rate, our own Supreme Court, since the decision of the cases of Hanks v. City of Port Arthur, supra, and City of Waco v. Roberts, supra, and with full knowledge of the holdings made therein, has held a similar charter provision valid in *personal injury* suits. City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692, par. 1. In view of the holding in the case last cited, we do not feel at liberty to hold otherwise.

We therefore hold that the charter provision requiring notice of injury as a condition precedent to suit is constitutional and that the plaintiff's failure to substantially comply therewith is a bar to his right to recover herein.

The judgment of the trial court is reversed and judgment is here rendered for the defendant.