Gabino GONZALES, Appellant,

v.

CITY OF CORPUS CHRISTI, Texas, Appellee.

No. 13454.

Court of Civil Appeals of Texas.

San Antonio.

April 22, 1959.

David G. White, Corpus Christi, for appellant.

Bernard W. Schrader, Asst. City Atty., I. M. Singer, City Atty., John A. Waller, Jr., Asst. City Atty., Corpus Christi, for appellee.

BARROW, Justice.

This suit was brought by appellant, Gabino Gonzales, against appellee, City of Corpus Christi, Texas, to recover for personal injuries sustained by appellant when he stepped into a hole in the city street maintained by appellee.

The appellee filed an answer and motion for summary judgment, and after hearing the motion the trial court sustained the same and entered a take nothing judgment against appellee. This appeal is from that judgment.

In his petition appellant alleged that on the night of October 30, 1957, he was riding on a city bus, and when the bus reached the intersection of Ruth and Osage Streets in Corpus Christi, he got off the bus and started to walk across Ruth Street when he stepped into a hole in the street and fell and broke his right ankle.

Appellee's motion for summary judgment was based on two grounds: (1) "That Section 27 of Article 9 of the Charter of the City of Corpus Christi, Texas, requires that before the City of Corpus Christi shall be liable for damages for personal injury of any kind, the person injured, or someone in his behalf, shall give the Mayor or the City Council notice in writing of such injury within ninety days after the same has been sustained, stating in such notice when, where and how the injury occurred and the apparent extent thereof. That plaintiff's attorney

attempted to provide written notice by a letter dated January 7, 1958, but that such letter and the notice was insufficient, as a matter of law, and did not fulfill the requirements of the aforesaid Charter provisions, and the City of Corpus Christi is therefore relieved from liability, * * *."

The pertinent portion of said letter is as follows:

"On or about October 30, 1957, Mr. Gonzales got off a City bus at the intersection of Ruth and Osage Streets and while crossing the street after dark, stepped in a hole and broke his leg."

That such statement did not apprise the City of the particular street where the alleged injury occurred, and that the City could not locate the defect, if any, to determine its depth, size, etc., and for such reason was unable to prepare its defense.

(2) "That the particular hole, as shown by Plaintiff in his deposition, is such a minor hole that, as a matter of law, the City is not liable." That "as a matter of law, a reasonably prudent person could not reasonably be expected to foresee that a person could be injured by such a minor hole located in that portion of the street normally used by vehicles."

From the view we take of the case, we deem it necessary only to pass upon the first point of the motion.

From the pleadings, the deposition of appellant and the affidavits before the trial court, the following facts appear: Bernard W. Schrader, Assistant City Attorney of appellee, immediately upon receipt of the notice, as a part of his duty as such, went to the intersection of Ruth and Osage Streets and attempted to locate such a hole or defect at the intersection, or on Ruth Street or on Osage Street, but was unable to locate a hole. Upon close examination, he found where some former patching had been done on Ruth Street and on Osage Street, but due to the indefiniteness of the notice he could not determine the location of the hole in question. If he had been able to locate such hole from the letter, even though it had been previously patched, it would still have been possible to remove the patched material and thereby determine the size of the hole.

The foregoing is in substance from the affidavit of said Bernard W. Schrader, attached to the motion. Also attached to the motion is the affidavit of Henry Lewis, Street Superintendent of appellee, in which he states that he also went to said intersection in an effort to locate the hole, and from the information received in said letter was unable to locate the hole in question.

Appellant submitted the affidavit of Elena G. Nava, his daughter, with whom he resided at the time, who stated that on said date, at about 6:30 P.M. she was standing on the front porch of her residence, located about ninety feet south of the intersection of Ruth and Osage Streets and on the west side of Osage Street, when she heard a cry and looked down in the vicinity of the intersection of said streets. That she then went down to said intersection and discovered that the person who cried out was her father, the appellant. At the time, he was standing up with his right foot located about four or five feet from a large hole in the surface of Ruth Street, which hole was about eighteen inches across and three inches deep. She then noticed that there were about ten other holes of varying sizes in the immediate vicinity. Appellant also submitted the affidavit of his son-in-law, Encarnacion Nava, who swore to the location of his home; that Osage and Ruth Streets are topped with black asphalt; that Osage Street is approximately twenty-four feet wide and Ruth is about twenty feet wide, and that Ruth Street dead ends into Osage Street at that intersection.

Appellant, Gabino Gonzales, testified by deposition that on the evening in question, at about 6:30, he alighted from the bus on Ruth Street and started to walk to the curb and stepped into a hole about two and one-half inches in depth and fell and was injured. He testified that the place where he got off the bus and started to walk across the street is some forty-five feet down Ruth Street to the east from the intersection of Ruth and Osage Streets. He further testified that there is another bus line which runs in the vicinity of this intersection, which he usually rides.

The law is well settled that in such notices the place where the accident occurred must be stated, and it must be described sufficiently to enable it to be located. The proof as to the place must correspond at least substantially with the description in the notice. 30 Tex.Jur. p. 559. The purpose of the notice is to advise the municipality, in order to give it an opportunity to make an investigation while the facts are fresh and conditions remain substantially the same, thereby enabling it to better guard against fraudulent and unfounded claims, and to prepare for trial if it decides not to settle the claim, or to make a settlement and thereby avoid litigation. 43 C.J. 1185; 63 C.J.S. Municipal Corporations § 923, p. 343; City of Waco v. Landingham, Tex.Civ.App., 158 S.W.2d 79, writ refused.

The question presented for decision in this case is whether or not said notice was sufficient for the purposes above mentioned. In English v. City of Fort Worth, Tex.Civ.App., 152 S.W. 179, the notice to the City described the defective and dangerous condition as being "at or near the intersection of Clinton avenue and Twenty-Third street." There was some testimony in the case that the accident occurred at the crossing of 23rd Street and Clinton Avenue, while other testimony placed it at the intersection of Clinton and 22nd Street, the distance between the two inter-

sections being about 600 feet. In that case the Court charged the jury, in effect, that the injury must have occurred near the intersection of Clinton Ave. and 23rd Street to entitle plaintiff to recover, and if the jury found the accident did not occur there then they must find for the City. Judgment for the City was sustained by the appellate court, holding that the plaintiff had failed to establish one of the essentials of his case, that is, the location of the place of injury as stated in the notice.

In City of Waco v. Landingham, supra, the Court, after stating the rule as to the purpose of the notice, said [158 S.W.2d 80]:

"There must at least be a substantial compliance with the statute. The description of the cause of circumstances of the injury must be sufficient to direct attention with reasonable certainty to the substantial defect or act of negligence for which recovery is demanded. 43 C.J. 1200."

The decisions from other jurisdictions are in harmony with the above statements of the rule.

In Reichert v. City of Chicago, 169 Ill. App. 493, the notice located the place where plaintiff was injured, by the falling of a defective street lamp, as "at and near the intersection of LaSalle Street and Madison Street." This was held insufficient, the Court saying that the City was not required to be prepared to meet proof of an accident occurring on or near any one of four corners of the street intersection.

In Barribeau v. City of Detroit, 147 Michigan 119, 110 N.W. 512, the notice stated that the injury to the claimant was by falling on a defective and improperly constructed sidewalk at the corner of two intersecting streets, without specifying which of the four corners was involved. This was held insufficient.

In Todd v. City of New York, City Ct., 23 N.Y.S.2d 884, 885, a charge that plaintiff was injured because of negligence of the defendant in permitting a portion of the sidewalk at or about the intersection of two named streets to be unsafe, was held to be totally inadequate. The Court pointed out that there were eight sidewalk curbings at the intersection in question, from which plaintiff could have been stepping, and that the notice was rendered more indefinite by the use of the word "about" so that the place of the accident was left to conjecture.

In Belzer v. City of New York, 269 App. Div. 987, 58 N.Y.S.2d 278, the description of the accident as near the intersection of two specified streets, without specifying at which of the four corners involved the claimed defect existed, or at which of the several corners the accident happened, was held insufficient. See also, 62 A.L.R.2d 382–383.

It will be noted that in the notice in the instant case, the only definite location of any point within the City of Corpus Christi, is where appellant got off the bus at the intersection of Ruth and Osage Streets. The next part of the notice sets out that while crossing *the street* after dark he stepped in a hole. The notice does not say whether he was crossing Ruth or Osage Street, or what street, and if it be either one of the two streets mentioned, then at what point on said street did he attempt to cross? The record shows that he could, after getting off the bus, have proceeded either up or down one of said two streets before attempting to cross. The evidence further shows that apparently there had been holes on both sides of said streets at or near said intersection, but that they had been repaired, and that in order to locate the particular hole the City might have selected, through conjecture, any one of the holes in the vicinity of said intersection in order to determine the facts in connection with the defect. Plaintiff testified that he fell in the hole

located forty-five feet from the intersection. In our opinion the notice in this case is more lacking in particulars than any of the cases above cited. Appellant relies strongly on City of Beaumont **v.** Baker, Tex.Civ.App., 95 S.W.2d 1365. In that case the defect was described as a deep irregular hole in the 1100 block of Pope Street. The evidence showed that there was only one hole in that block, and the defense's contention that the notice was too general, when applied to the evidence, was overruled. That case is readily distinguishable from the case at bar, because in the instant case there were many holes in the street, and the City would have had to look north and south on Osage Street, an undetermined distance, as well as on Ruth Street, and surmise which hole was intended, in order to locate the particular defect, from the notice in question.

In City of Dallas v. Myers, Tex.Civ.App., 64 S.W. 683, 684, the description of the defect, in the notice, was held sufficient because the notice described the place of the accident as a defect or cavity in the cement sidewalk on Akard Street at a point opposite the Oriental Hotel in the City of Dallas. The evidence was that Akard Street had sidewalks on both sides of the street, one of which abutted the Oriental Hotel. Evidence showing that the sidewalk in front of and adjoining the hotel had numerous holes and defects was excluded. The evidence showed that the sidewalk defect which caused the accident was a hole in the sidewalk across the street from and opposite the Oriental Hotel, and there was no evidence even tending to show the existence of any other defects in that sidewalk. The Court said: "There being but one defect in the walk within the limits stated in the notice, the city, in searching for the defect, must have found the same. The description was not misleading, since a good-faith effort on the part of the city to have located the defect would have resulted successfully." The important holding was that a point

opposite the Oriental Hotel meant the sidewalk opposite the hotel and not the sidewalk adjoining the hotel. The distinguishing feature is, that in the case at bar the notice did not attempt to state that appellant attempted to cross any particular street or at any particular point on said street; and a further distinguishing feature is that there was only one defect within the limits of the notice, which must have been found by a good-faith search.

Inasmuch as the notice in this case was wholly insufficient to meet the requirements of the City Charter as a proper and indispensable predicate for suit against the City, the trial court properly sustained the motion for summary judgment.

The judgment of the trial court is affirmed.