**John ELLIS, Appellant,**

v.

**CITY OF SAN ANTONIO, Appellee.**

**No. 13653.**

Court of Civil Appeals of Texas. ·

San Antonio.

Nov. 30, 1960.

Rehearing Denied Jan. 4, 1961.

Putman & Putman, San Antonio, for appellant.

Charles C. Cadena, City Attorney, P. S. Gross, Jr., Asst. City Attorney, San Antonio, for appellee.

MURRAY, Chief Justice.

John Ellis filed this suit against the City of San Antonio to recover damages for injuries sustained by his wife, Mary Ellis, while walking in a crosswalk in a downtown street. Her fall was alleged to have been caused by the defective condition of the street.

The city filed a motion for a summary judgment because Mary Ellis had not filed with the City Manager a written notice of her injuries within 90 days after her fall, stating when, where and how her injury occurred, the apparent extent of the injury, and the amount of damage sustained, as is required by Section 150 of the City Charter.

John Ellis, husband of Mary Ellis, in an attempt to comply with Section 150, within the 90-day period, wrote the following letter to the City Manager, to-wit:

"May 12, 1958

"Mr. Lynn Andrews
City Manager
City of San Antonio
City Hall
San Antonio, Texas

"Dear Sir:

"In accordance with Section 150 of the Revised City Charter, I wish to put you on notice of a claim I hold against the city as the result of injuries suffered by my wife, Mrs. Mary Ellis, when she fell as the result of stepping into a depression in the street at the corner of Houston and Soledad Streets on April 29, 1958.

"Mrs. Ellis suffered a severe sprain of the right ankle and foot causing swollenness and extreme pain. To date she is still under going medical treatment and she is hardly able to walk. My wife has not been able to go back to work since the date of the accident and at this time we do not know how long it will be before she is able to resume her work.

"This letter is to put you on notice of my claim for damages due to the injuries suffered by my wife, as well as for medical expenses and loss of wages, all of which resulted from the negligence of the City of San Antonio.

"Very truly yours,

/s/ John J. Ellis

John J. Ellis
4222 West Houston Street
San Antonio, Texas"

In its motion for summary judgment, the city contended the written notice was fatally defective for the following reasons:

"1. The written notice fails to sufficiently notify the City *where* the injury occurred, as required by law.

"2. The written notice fails to state the *amount* of damages sustained, as required by law.

"3. The written notice is from and signed by the husband of Mary Ellis, the *person injured* herein, rather than the person injure*s* herself, as required by law."

Appellant controverted the city's motion for summary judgment, setting out by affidavit, in substance, that his wife was crossing Soledad Street on the south edge of Houston Street, and that there was only one "defect of any substantial nature then existing in the pavement of that intersection including the adjacent pedestrian crosswalks," and that was the defect which had caused his wife to fall. It was located about the middle of the street in the crosswalk in which his wife was walking. He attached to his affidavit a photograph showing this defect in the street.

The trial court granted appellee's motion for summary judgment and John Ellis has prosecuted this appeal.

If Section 150 has not been complied with, within the 90-day period, there can be no recovery against the city by appellant. We are of the opinion that Section 150 was complied with.

■ The place where the injury occurred was described in the notice as being at the corner of Houston and Soledad Streets. Of course, there are four corners at this intersection, and she may have been crossing the street from any one of these corners. Appellant's affidavit stated there was only one defect of any substantial nature at this intersection.

Alejandro M. Castano, an investigator for the city, when notified of the alleged injury Mary Ellis had sustained, went immediately to the intersection described in the notice, and in his supporting affidavit made the following statement:

"Upon arriving at said intersection, I found literally hundreds of depres-

sions in the street of said intersection and at the corners making up the intersection. As a result, I was unable to determine the location of the depression in question from the description given in the written claim letter."

But this statement does not contradict the affidavit of John Ellis to the effect that there was only one "defect of any substantial nature." We conclude that the notice was sufficient to show "where" the accident occurred.

The requirement that the notice state the amount of damages sustained is unreasonable under the facts, because it would have been impossible for anyone to state the amount of Mary Ellis' damages at the time the notice was sent. Gardner v. City of Houston, Tex.Civ.App., 320 S.W.2d 715. The law does not require the unreasonable or the impossible. City of Waco v. Teague, Tex.Civ.App., 168 S.W.2d 521.

██ This brings us to the question of whether John Ellis was a proper person to sign the notice to the city, and whether his signing the notice was a sufficient compliance of the requirement of Section 150, to the effect that the person injured must give the notice. Under Texas law the husband is manager of the community property of himself and wife. Damages recovered for the wife's personal injuries are community. The husband, not the wife, is the proper person to bring suit for damages by reason of injuries suffered by his wife. Johnson v. Daniel Lumber Co., Tex. Civ.App., 249 S.W.2d 658. John Ellis was the proper person to sign the notice of injury to the city.

The city contends that Gonzales v. City of Corpus Christi, Tex.Civ.App., 323 S.W. 2d 495, should govern this case. We do not agree. The notice there given as to where the accident occurred is much more indefinite than the notice here.

We feel that the case of City of Dallas v. Myers, Tex.Civ.App., 64 S.W. 683, and that of City of Beaumont v. Baker, Tex.

Civ.App., 95 S.W.2d 1365, are more nearly in point with the instant case. Under all the facts and circumstances, the city should have had no difficulty in locating the depression which caused Mary Ellis to injure herself. Certainly, the question cannot be determined adversely to Mary Ellis in this summary judgment proceeding.

That is certain which can be made certain, and if from the notice and under all the facts and surrounding circumstances, the city should have been able to determine where the accident occurred, the notice was sufficient. This matter might become a question of fact at the trial.

The judgment is reversed and the cause remanded.